ALBERT C. BARNES, Assignee,

*v.*

JOHN REMBARZ.

*Filed at Ottawa May 8, 1894.*

1. PRACTICE—*special finding—precluding recovery on general verdict.* In an action against a manufacturing corporation to recover for a personal injury resulting from negligence, the jury found for the plaintiff, and in response to the question, "Could the plaintiff, by reasonable attention or the exercise of ordinary prudence, have known that it was dangerous to use a stick in the machine in the manner testified to by himself," answered "Yes:" *Held*, that while this finding tended to establish the fact that the plaintiff failed to exercise ordi-

nary care, it was not conclusive, and that there may have been other evidence tending to relieve the plaintiff's act of such negligence as to preclude a recovery.

2. SAME—*presumption in favor of general verdict.* All reasonable presumptions will be entertained in favor of the general verdict, while nothing will be presumed in aid of the special findings of fact. The inconsistency between the general verdict and the special findings must be irreconcilable, so as to be incapable of being removed by any evidence admissible under the issues, to warrant the court to set aside the general verdict.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

Mr. S. M. MILLARD, for the appellant.

Mr. EDMUND FURTHMAN, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by John Rembarz, against the Chicago Anderson Pressed Brick Company, to recover for a personal injury received by him while in the employ of the company shoveling clay and other material into a crusher. The accident resulted in the loss of the plaintiff's right arm, and on a trial in the circuit court, before a jury, he recovered a judgment for $10,000, which was affirmed in the Appellate Court.

The principal part of the argument of counsel for appellant is devoted to a discussion of questions of fact. As to those questions it is only necessary to observe, that they are settled by the judgment of the Appellate Court.

No complaint is made in the argument in regard to the rulings of the court in the admission or exclusion of evidence, nor is there any fault found with the decision of the court on the instructions to the jury. It is, however, claimed, that the special findings are inconsistent with the general verdict, and for that reason the verdict should have been set aside, and

13—150 ILL.

this is the only question presented for our consideration. The seventh special finding is the one claimed to be inconsistent with the general verdict. It was as follows:

"*Seventh*—Could the plaintiff, by reasonable attention or the exercise of ordinary prudence, have known that it was dangerous to use a stick in the machine in the manner testified to by himself?"—"Yes."

It may be conceded that this finding of the jury tended to establish the fact that the plaintiff failed to exercise ordinary care. But it is not conclusive. The fact found in response to interrogatory No. 7 may be regarded as a mere evidentiary fact, and nothing more. There may be, and doubtless were, facts and circumstances connected with the fact that the plaintiff used a stick in the machine, which might tend to relieve the act of such negligence as would prevent a recovery. This must have been the case, or otherwise the jury could not have found, as they did, in response to interrogatory No. 6, that the plaintiff was exercising reasonable care for his safety at the time he was injured.

In *Chicago and Northwestern Railway Co.* v. *Dunleavy*, 129 Ill. 132, where the question arose whether the special finding was inconsistent with the general verdict, it was held that all reasonable presumptions will be entertained in favor of the general verdict, while nothing will be presumed in aid of the special findings of fact. It was also held that the inconsistency must be irreconcilable, so as to be incapable of being removed by any evidence admissible under the issues. Under the rule announced in the case cited, there is no such inconsistency between the special finding and the general verdict as would authorize the court to set aside the general verdict.

The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*