## Victor Falkenau et al. v. Sevrin Abrahamson.

1. ASSIGNMENT OF ERRORS—*Defective Declaration.*—Where the insufficiency of the declaration or the fact that it states no cause of action is not assigned for error, the question of its sufficiency will not be considered by the court on appeal.

2. PLEADING—*Allegations of Duty.*—In an action for personal injuries alleged to be the result of a neglect to perform a duty imposed by law upon the defendant, it is sufficient if the declaration shows such a relation between the parties as to make it the duty of the defendant to exercise ordinary and reasonable care that an elevator should be safe for the plaintiff to be upon.

3. NOTICE—*To the Foreman of a Contractor.*—Notice to the foreman in charge of the construction of a building, of a defect in a cable, is notice to the contractor.

4. TRIALS—*Misconduct of Counsel.*—In the opening statement of a case for personal injuries received in an accident alleged to have resulted from the negligence of the defendant in not keeping an elevator in suitable condition, it is not error for plaintiff's counsel to state, if such is the fact, that one man was killed in the accident, for although no part of the case, it was a part of the transaction, and proper in describing it as a part of the *res gestœ.*

5. SPECIAL INTERROGATORIES—*When Properly Refused.*—It is not error to refuse a special interrogatory proposed by the defendant, where an answer, yes or no, will not be necessarily in conflict with a general verdict for the plaintiff.

6. INSTRUCTIONS—*Error in, Will Not Always Reverse.*—An error in an instruction, although impossible to justify, will not always reverse.

**Action for Personal Injuries.**—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 11, 1896.

EDWARD S. CURTIS and WM. M. JOHNSON, attorneys for appellants; L. DANZIGER, of counsel.

It is only after notice, that the master becomes liable to the servant for failure to repair. East St. Louis v. Hightower, 92 Ill. 139; Chicago & Alton R. R. Co. v. Platt, 89 Ill. 141; C., C. & I. C. R. W. Co. v. Troesch, 57 Ill. 155; T. W. & W. Ry. Co. v. Ingraham, 77 Ill. 309; C. & A. R. R. Co. v. Stiles, 20 Ill. App. 650; Sack v. Dolese, 35 Ill. App. 636; T., P. & W. Ry. Co. v. Conroy, 61 Ill. 162; National Syrup Co. v. Carlson, 155 Ill. 210; Richardson v. Cooper, 88 Ill. 270.

The employe must use reasonable care in examining his surroundings, to observe and take such knowledge of dangers as can be attained by observation. In performing the duties of his place, he is bound to take notice of the ordinary operation of familiar natural laws, and to govern himself accordingly. If he fails to do so the risk is his own. He is bound to use his eyes to see that which is open and apparent to any person using his eyes, and if the defect is obvious and suggestive of danger, knowledge on the part of the servant will be presumed, as well as when the dangers are the subject of common knowledge. Bailey on Master's Liability for Injuries to Servants, Chap. 9, p. 162; L. S. & M. S. Ry. Co. v. O'Conner, 115 Ill. 254; C., B. & Q. R. R. Co. v. Avery, 8 Ill. App. 133; Beach on Negligence, Sec. 138.

The master can not be required to take more care of the servant than the servant may reasonably be expected to take of himself. Penna. Co. v. Lynch, 90 Ill. 333; Missouri Furnace Co. v. Abend, 107 Ill. 44; Simmons v. Chicago & T. R. Co., 110 Ill. 340; C. & E. I. R. R. Co. v. Geary, 110 Ill. 389; Stafford v. C., B. & Q. R. R. Co., 114 Ill. 244.

After the employe ascertains that the machinery or instrumentalities furnished him are unsafe and continues in the employment, he waives any claim on the master. C. & N. W. R. R. Co. v. Jackson, 55 Ill. 492; T. W. Co. v. Conroy, 61 Ill. 162; Norton v. Volzke, 158 Ill. 402; Same v. Ingraham, 77 Ill. 314; C. & A. R. R. Co. v. Munroe, 85 Ill. 25.

McCRACKEN & CROSS and CLARENCE S. DARROW, attorneys for appellee.

Courts of review reverse only for such errors as may have been prejudicial to the complaining party, and certainly no error, or number of errors, can with any propriety be said to prejudice a party when it is clear, as it is here, that the judgment upon the conceded facts is the only one that could properly be rendered, and that another trial would, therefore, necessarily result the same way. Heckel v. Grewe, 125 Ill. 58; Hodges v. Percival, 132 Ill. 53; Rowland v. Springfield Ins. Co., 18 Ill. App. 601.

Where an essential and material allegation is omitted from the declaration, but is proved at the trial, the defect is cured by verdict. Ladd v. Pigott, 114 Ill. 649; 28 Am. and Eng. Ency. of Law, 417; C. & E. I. R. R. Co. v. Hines, 132 Ill. 165; Heiman v. Schroeder, 74 Ill. 158.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This was an action to recover damages for a personal injury to the appellee alleged to have been caused by the negligence of the appellants.

The abstract sets out the first count of the declaration as follows:

"That on December 23, 1893, the defendants, Victor Falkenau and Louis Falkenau, were contractors, engaged in the construction of a building at the southwest corner of LaSalle and Washington streets, in the city of Chicago, known as the Stock Exchange building, and that they used, in connection with the erection of said building, an elevator propelled by steam, on which the employes of the defendants about the building, and building material, was hoisted and lowered. That the elevator was hoisted and lowered by a wire cable, passing through certain pulleys and around a certain drum, near the engine which furnished the steam for propelling the elevator.

That the plaintiff was one of the employes of the defendants engaged upon the said building, and that his duties required him, under the direction of defendants, to make use of the elevator in going to and returning from his work upon said building, which building was twelve or more stories in height.

That the elevator was used to carry heavy weights of as much as two thousand pounds, and that it was the duty of the defendants, with reference to the safety of the employes, including the plaintiff, to have provided said elevator with a sufficiently strong cable, and safe appliances in connection therewith; but that the defendants, regardless of their duty, did not at said time provide said elevator

with a sufficiently strong cable, in this, that the cable had become worn by use, and the strands thereof frayed and broken, and thereby rendered insecure and unsafe for the carrying thereon of said employes, including the plaintiff, but with which fact the plaintiff was unacquainted.

That at said time the plaintiff was on the elevator in the discharge of his duties and in the exercise of all due care and caution for his personal safety, but that the defendants, through their said negligence and wrong in not having provided said elevator with a sufficiently strong cable, in the particulars herein set forth, said cable parted and broke, and said elevator fell with the plaintiff thereon, a distance of five stories, or about sixty feet, to the ground, and in consequence thereof, plaintiff was wounded and injured, and had his leg broken, so that shortly thereafter it had to be amputated, and thereby the plaintiff has been incapacitated from performing his ordinary labor, at which he earned two dollars per day, and has suffered great pain, and paid out $500 in endeavoring to be healed of his injuries."

As originally filed there were four other counts, and the appellants demurred; but after five more counts were added, pleaded to the whole declaration, thereby waiving the demurrer. Whether, in this state of the record, error can be assigned on the denial of the motion in arrest of judgment, we will not consider. It is not assigned as error that the declaration is insufficient, or states no cause of action.

As the rule that a motion in arrest will not be considered after a demurrer is based upon the stickling of the court for its own dignity, perhaps it does not apply to a case where the party backed out, and did not call upon the court for judgment on his demurrer. C. & E. I. R. R. v. Hines, 33 Ill. App. 271, 132 Ill. 161; C. M. & St. P. Ry. v. Hoyt, 50 Ill. App. 583.

The reason why we will not consider whether error can be assigned on the denial of the motion in arrest is, that the count recited is good after verdict.

Leaving out of view all allegations of duty which are merely surplusage (Cribben v. Callaghan, 156 Ill. 549), the declaration shows such a relation between the parties that

it was the duty of the appellants to exercise ordinary and reasonable care that the elevator should be safe for the appellee to be upon.

Then the averment that the appellants "did not at said time provide said elevator with a sufficiently strong cable," coupled with the further averment that "through their said negligence and wrong in not having provided said elevator with a sufficiently strong cable," implies that the appellants were derelict in their duty to exercise ordinary and reasonable care. C. & E. I. R. R. v. Hines, 132 Ill. 161.

And under the doctrine quoted from Chitty in the last cited case, as well as in Ladd v. Pigott, 114 Ill. 647, the verdict cures the defect; more especially as here, as in the last cited case, the proof of the fact which the declaration ought to have alleged—notice to the appellants—was made.

Nevertheless, the remarks of Martin, B., in Watling v. Castler, 23 Law Times, N. S. 815, are applicable here. His opinion in that case, as reported in 6 Law Rep., Exch. Cases, 73, is less instructive.

Now as to the proof. The foreman of the appellants, under whose direction and personal assistance the wood-work of the elevator was built, and the engines and cables connected with it were placed, and who remained in charge of the whole apparatus, had examined the cable before the accident, and noticed that at the part which broke some of the outside was "worn and cut."

Other evidence showed that part of the outside strands—iron or steel—were broken before the accident; the brief of the appellants speaks of "according to the evidence, old, worn and rusty parts of the cable with ends sticking out, and ready to pull apart;" and the causes which hastened the wear of the cable are shown by the evidence; causes resulting from the location of part of the apparatus. Now, whether it was recklessness or mistake in judgment which led the foreman to continue the use of a cable which had begun to break, makes no difference in the responsibility of the appellants. Notice to the foreman whom they had put in charge, was notice to them that the cable had begun to break.

Whether, in the exercise of ordinary and reasonable care for the safety of their employes, they should have continued to use the cable to send men and heavy weights up a great height, was for the jury to answer, with little doubt of the response.

There is an effort to make it appear that the appellee had some charge or oversight of this cable; but without collating the evidence, we simply say that a candid and impartial consideration of it leaves no doubt that he did not know, nor was his employment such as put him in the way of knowing, the condition of the cable—at least at that part where it broke. The whole cable was about 400 feet long, and at either end of a trip, the part which broke was far away from the elevator platform where his work was. It was part of his work to oil some sheaves at the top of the frame in which the elevator ran, but when so doing the part of the cable that broke was out of his sight.

There are some objections in the brief of the appellants as to evidence. They do not impress us. First, that the foreman was permitted to testify to the condition of the cable an hour after the accident. Nothing in the case tended to show any change in the condition from the time of the accident except such as resulted from others examining it, and such examination could not have produced the wear and rust he then observed.

The appellee was permitted to testify that he did not know what effect the jerk of the elevator would have upon the rope. That question and answer could have had no effect upon the jury. Nobody knew, or could know. Besides, the jerk, which is treated as of some importance in the brief of the appellants, was not the proximate cause of the accident, but the weakness of the cable; which, it is fair to assume, would have withstood the jerk, had it been in good condition.

Complaint is made that in opening the case, counsel for the appellee stated that one man was killed in the accident. If that was true—and it seems to be tacitly admitted—it was part of the transaction, though no part of this case, and in describing the transaction would be part of the *res gestæ*.

On the special questions refused, an answer yea or nay to either of them would not have been necessarily in conflict with the general verdict for the appellee. No error was committed in refusing them. Barnes v. Rembarz, 150 Ill. 192.

I now come to the last point—an instruction for the appellee, which it is impossible to justify, and which with much hesitation, we excuse, and with the consolation that if we are right the appellee does not lose a just judgment, and if we are wrong, a higher tribunal can prevent the consequences.

The court instructed at the instance of the appellee:

" The plaintiff had the right to assume that the tools and machinery furnished by the defendants were safe and proper for the performance of the services required of the plaintiff. It was not the duty of the plaintiff to inspect such tools and machinery, and for any failure to provide such suitable and proper tools and machinery and keep the same in reasonably good repair, if the jury find from the evidence that the machinery furnished by defendants and used by plaintiff at the time of his injury was out of repair and in an unsafe and dangerous condition, which failure resulted in injury to the plaintiff, the defendants are liable, unless the plaintiff knew of such defects of such machinery, or by the exercise of reasonable care in the performance of the duties assigned, could have discovered such defects."

This instruction assumes that the appellee was in such a relation to the appellants, and the tools and machinery with which he worked, that he need pay no attention to the condition of such tools and machinery.

But the proof in the case is clear that, as to that part of the cable which broke, that assumption is true.

The instruction also charges the appellants as insurers, and not for a liability only for want of ordinary and reasonable care. But the proof is clear of notice to the foreman put in charge of the machinery by the appellants.

On the whole case, in spite of error, the judgment is affirmed.