## Victor Falkenau and Louis Falkenau v. Mary Rowland, Administratrix, etc.

1. DAMAGES—*In Case of Death by Negligence—When only Nominal.*—Only nominal damages can be recovered for the death of a brother, where there is no evidence that at the time of his death either of his brothers or sisters had any pecuniary interest in his life.

2. SAME—*Death from Negligence.*—In an action for damages resulting from the death of a kinsman by the negligence of the defendant, the actual pecuniary loss is the sole measure of the recovery, and there is no warrant for giving more than the total loss, in order that one entitled to share may get enough.

**Trespass on the Case.**—Death from negligent act. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge. presiding. Heard in this court at the March term, 1897. Affirmed if remittitur be entered, otherwise reversed and remanded. Opinion filed April 15, 1897.

EDWARD S. CURTIS and WM. M. JOHNSON, attorneys for appellants, contended that in suits by the next of kin for causing the death of a relative, the pecuniary loss is the sole ground of recovery, the satisfaction of that loss the sole object to be attained by a judgment and this is to be ascertained from the evidence. L. S. & M. S. R. R. Co. v. Sunderland, 2 Brad. 307; Andrews v. Bodecker, 17 Brad. 213; C. E. & L. S. Ry. Co. v. Adamick, 33 Ill. App. 412; C., M. & St. P. Ry. Co. v. Wilson, 35 Ill. App. 346; Armour et al. v. Czischki, 59 Ill. App. 17; City v. Major, 18 Ill. 360; Chicago & R. I. R. R. Co. v. Morris, 26 Ill. 403; Chicago & Alton R. R. Co. v. Shannon, 43 Ill. 346; Chi. & N. W. v. Swett, 45 Ill. 204–5; Conant v. Griffin, 48 Ill. 412; I. C. R. R. Co. v. Welden, 52 Ill. 295; I. C. R. R. Co. v. Baches, 55 Ill. 388; City of Chicago v. Scholten, 75 Ill. 471; Quincy Coal Co. v. Hood, 77 Ill. 71; C., B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; C. & N. W. R. R. Co. v. Moranda, 93 Ill. 304; Holton v. Daly, 106 Ill. 138; N. C. S. R. R. Co. v. Brodie, 156 Ill. 320.

WING, CHADBOURNE & LEACH, attorneys for appellee.

A jury may assess such damages as will be a just and fair compensation for the pecuniary loss suffered by the next of kin from the death of a deceased person killed through the negligence of a defendant, and in doing so, they may take into consideration every reasonable expectation the survivors may have had of pecuniary benefit or advantage from the continuance of his life. Andrews v. Boedecker, 17 Ill. App. 218.

Mr. Justice Gary delivered the opinion of the Court.

The appellee sued as administratrix of Thomas Morrison, the man killed in the accident which was the subject of investigation in Falkenau v. Abrahamson, 66 Ill. App. 352, as is there mentioned.

We will not go over the facts. The deceased left a mother in Ireland, who was in the neighborhood of sixty years of age, and five brothers and sisters, part of them there, the others here.

There is no evidence that at the time of his death either of the brothers or sisters had any pecuniary interest in his life, though at times theretofore some of them had received from him pecuniary aid. Had there been no mother living only nominal damages would have been permissible. North Chicago St. R. R. v. Brodie, 156 Ill. 317.

The evidence must be read with liberal construction in her favor to warrant the conclusion that his continuance in life was—in money, and to that only does the statute extend —of value to her to the amount of $50 per annum. The judgment is for $5,000.

Now we have this problem: The statute requires the damages to be distributed as if there had been money left by the deceased dying intestate. Five-sevenths of the damages must go to persons who have no right to anything. In order that the one meritorious recipient of damages, by the two-sevenths which the law will give her, may get her real and actual damages, others not entitled to anything must be given two dollars and a half for each dollar that she gets. Any such construction of the statute leads to absurd

consequences, because it does not provide that the damages shall be confined to compensating those who lose by the death, as does the original English statute and the statutes of many of the States. 2 Thomp. Negl. 1275, *et seq.*

There is no warrant in the statute for giving more than the total loss in order that one entitled to share may get enough.

We will adopt Armour v. Czischki, 59 Ill. App. 17, as a precedent for this case. If the appellee within ten days remit the excess over $1,500, we will affirm the judgment for that sum only, reversing it as to the excess. Otherwise reverse the judgment and remand the cause; in either event at the cost of the appellee.