## Chicago Electric Transit Company v. Frank T. Kinnare, Administrator, etc.

### Gen. No. 10,987.

1. INSTRUCTIONS—*effect of failure to mark.* The failure to mark instructions given or refused is not in itself ground for reversal.

2. INSTRUCTIONS—*need not repeat.* The refusal of instructions which are substantially embodied in other instructions given, is not ground for reversal.

3. VERDICT—*when, excessive.* A verdict in an action on the case for death caused by the wrongful act of the defendant, is excessive where it appears that at the time of his death the intestate was unmarried, twenty-five years of age, left him surviving a mother, a sister and a half-sister, whom, however, he did not support but to whom he gave various small sums of money, and where it likewise appears that his earnings were about $9 per week over and above his board and lodging and where he possessed no trade and there was no reasonable probability that he would have done more for his next of kin in the future than he had in the past.

Action on the case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed March 18, 1904. Rehearing denied July 12, 1904.

JOHN A. ROSE and LOUIS BOISOT, for appellant; W. W. GURLEY, of counsel.

WING & WING, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action by the administrator of the estate of William D. McGowan, deceased, to recover for injuries resulting in the latter's death.

The accident occurred on Elston avenue, Chicago, upon which street appellant maintains two parallel street car tracks. The deceased was driving a wagon going in the same direction and ahead of the car which struck and overturned his wagon, causing the injuries complained of. It is claimed by appellant that the wagon was proceeding

upon the westward of the two tracks; that the approach-
ing car was on the other or eastward track; that when the
car was too near to avoid collision the deceased struck his
horse with the lines; that the horse sprang in front of the
car in such a way as to bring the right front wheel of the
wagon in contact with the front of the car, and that the
accident occurred by reason of a want of ordinary care by
the deceased.    Appellee, on the other hand, contends that
the wagon in which the deceased was driving was travel-
ing on the eastward of the two tracks, the same track upon
which the car was approaching from behind him; that the
car was going at an improper rate of speed; that no warn-
ing of its approach was given; that appellant's servants in
charge of the car were not keeping a proper outlook; that
the car was negligently operated, and that the wagon was
struck upon its rear end.    It is conceded by appellee that
the evidence offered to sustain the charge of negligence
against appellant is circumstantial only, consisting in part
of the broken end gate of the wagon, which, it is claimed,
shows that the wagon was struck as appellee contends.    The
question of fact is clearly one requiring submission to a
jury.

It is urged that the court erred in failing to mark all
the instructions tendered as having been either " given " or
" refused."    The mere failure to do this is not of itself,
however, sufficient ground for reversal, unless error was
committed in giving or refusing instructions which ought
not to have been given or refused.    Chicago City Ry. Co. v.
Sandusky, 198 Ill. 400.    Our attention is called to three
instructions which it is claimed appellant was entitled to
have given.    These are referred to as " cautionary instruc-
tions," and it is argued that the verdict against appellant
plainly shows that the latter was prejudiced because they
were not given.    The instructions which were given in be-
half of appellant, however, cover substantially the same
ground and there was no occasion to go over it again.

The contention that the damages are excessive is more
serious.    The damages recoverable for the next of kin in a

case of this kind are the pecuniary loss sustained by the death of the intestate. The latter was an unmarried man, twenty-five years of age. He left surviving him his mother, a sister, and a half-sister. The mother is living with her second husband, with whom also lives their daughter, the half-sister. The deceased so far as appears did not contribute to their support but had given his mother at different times small sums of money. His sister, who was twenty-seven years of age, testifies that she is divorced, that her husband did not support her during the nine months she lived with him, that her brother had contributed to her support for nine years before his death commencing when he was fourteen years of age, giving her from $2 to $10 a month and she had received from him about $1,000 in nine or ten years. She is now employed as a nurse for the sick. The deceased was a laborer earning about $9 a week over and above his board and washing. He had no trade, and there is nothing to indicate that had he lived he would have increased substantially his earning capacity. In the case of O. & M. Ry. Co. v. Wangelin, 43 Ill. App. 326, 329, affirmed in 152 Ill. 138, cited by appellee's attorneys, the deceased was earning $50 a month and contributing to the support of a sister who was left the sole survivor of the immediate family, and who was a teacher receiving a very small compensation. A judgment for $2,000 was held not excessive. No case is called to our attention where under circumstances like the case at bar a verdict and judgment for $5,000 has been sustained. It is not reasonable to suppose the deceased would have contributed more to his sister's support than he had done, and had he married in due time, the contribution might have been greatly reduced or ceased altogether. In any event the next of kin would receive by this judgment more than in the course of human experience the intestate's life would have been pecuniarily worth to them, and the pecuniary injury alone can be considered. Chicago Terminal Transfer R. R. Co. v. Helbreg, 99 Ill. App. 563–569, and cases there cited. "There is no warrant in the statute for giving more than the total loss in

order that one entitled to share may get enough." Falk-enau v. Rowland, 70 Ill. App. 20–22.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*

Mr. Justice STEIN took no part in the decision of this case.