Minnie Offner, Administratrix, Appellee, v. Chicago & Erie Railroad Company and Chicago & Western Indiana Railroad Company, Appellants.

Gen. No. 16,558.

1. MASTER AND SERVANT—*when special verdict not inconsistent.* Where in an action by a car repairer, injured when the car under which he was working was moved, a general verdict for plaintiff is returned, an answer of "no" to a question as to whether a flag was displayed on the car as required by the company's rules is not inconsistent therewith.

2. VERDICTS—*presumptions.* Every reasonable presumption is used in favor of a general verdict, but nothing is presumed in favor of a special finding.

3. PRACTICE—*order of introducing evidence.* No abuse of discretion is shown where plaintiff was permitted to introduce evidence after he closed his case.

4. PRACTICE—*introduction of evidence.* The introduction of proof out of its proper order is in the discretion of the trial court.

5. MASTER AND SERVANT—*evidence.* Where in an action for injuries to a car repairer, received where the car was moved, a witness who according to plaintiff's theory was a foreman, who knew where deceased was working under his directions, and should have known of the operations of the switching crew and prevented the moving of the car, may properly be examined as to his duties with reference to the men who worked with or under him.

6. WITNESSES—*when question not mixed question of law and fact.* A question as to who was in charge of work in a railroad yard, in the absence of the foreman, is not objectionable as being a mixed question of law and fact.

7. MASTER AND SERVANT—*refusal of instructions proper where element omitted.* Refusal of instructions is proper where they direct a verdict on the theory that a car repairer failed to comply with a rule requiring him to place a flag on cars he was repairing, and omit the possibility of wilfulness by the train crew.

8. INSTRUCTIONS—*refusal proper where reference to persons not parties.* In an action against a railway company for alleged negligence an instruction is properly refused which authorized a finding that "the trainmen" were not guilty of negligence, where they were not parties to the suit.

9. INSTRUCTIONS—*properly refused which disregard evidence.* An instruction is properly refused where it states that there is no evidence from which it can be inferred that any of a switching crew had notice that a car repairer was under a certain car, unless a

flag was displayed, where the evidence shows that the crew previously passed within a few feet of such repairer who was in plain sight.

10. RAILROADS—*liability for negligent operation.* Both the owner and one authorized or permitted to use a railroad are liable for injuries resulting from negligent operation thereof by either.

11. RAILROADS—*liability of lessee for owner's negligence.* A corporation authorized to use certain railroad yards may be held responsible for the yard owner's mode of operating a switch engine or for acts of its switching crew.

12. WITNESSES—*credibility.* Testimony of a witness who made positive statements is more worthy of credit than that of one who contradicted him, but often stated "it is my recollection," concerning facts previously stated positively.

13. MASTER AND SERVANT—*servant's right to assume that rules of railroad will be observed.* A car repairer has a right to assume that others will obey the rules concerning switching cars on the track on which his car is placed.

14. MASTER AND SERVANT—*assumed risk.* A car repairer does not assume the risk of injury, where another car is improperly placed on the track which obstructs the view of his flag and where a switching crew improperly moves his car.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed October 16, 1912 *Certiorari* denied by Supreme Court (making opinion final).

WILLIAM S. KIES and WALTER M. JOHNSON, for appellant, C. J. Austin, Jr.; and FRANCIS ADAMS. JR., of counsel.

ADLER & LEDERER, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

Appellee's intestate, Jacob Offner, at the time of his death, and for many years prior thereto, a car repairer employed by appellant, the Chicago & Erie Railroad Company, died October 5, 1903, as a result of injuries received that day while he was working in the line of his employment in the yards owned by appellant, the Chicago & Western Indiana Railroad Company, in Chicago, known as the Taylor street yards, and which ap-

pellant, the Chicago & Erie Railroad Company, had by agreement with the Chicago & Western Indiana Railroad Company acquired a right to use.

There were no tracks in these yards set apart or exclusively used for repair work, but such work was done in all parts of the yards. By the rules of these yards persons repairing cars there were required to place a blue flag on one or both ends of the car being repaired, or, when the car being repaired was one of a train of cars, to place a blue flag at each end of the train, and no one but such person was permitted to remove such flag. By such rules, when such blue flag was exposed, the same was to be taken by all persons to indicate that workmen were under or about such car or train, and to mean that such car or train must not be coupled to or moved, and that other cars must not be placed on the same track so as to intercept the view of the blue flag signal without first notifying the workmen. On the day in question Offner went to work repairing a car on track 8 in the yards. After he had been at work some little time, variously estimated from twenty minutes to an hour and a half, a switching crew in the employ of appellant, the Chicago & Western Indiana Railroad Company, pushed some cars in on track 8 from the south, either against the car under which Offner was working, or against a car or cars on the same track south of the car under which he was working, in such manner as to move that car north several feet and cause it to run over Offner, resulting in the injuries from which he died. Appellee obtained a verdict for $4,000 against both appellants. In addition to the general verdict the jury answered "no" to the interrogatory, "Was a blue flag displayed on the south end of the car on track 8 to which Conductor McNeary made the coupling at the time when the Grand Trunk cars in question were pushed in on track No. 8?"

Appellants moved for judgment on the special finding *non obstante veredicto,* which motion was denied

by the court and judgment was entered on the general verdict.

The errors urged for a reversal of the judgment of the court below are the action of that court in denying the motion of appellants for judgment on the special finding; in admitting improper evidence; in refusing to submit certain special interrogatories to the jury at the request of appellants; in rulings on the admissibility of evidence and in refusing to give to the jury certain instructions asked by appellants; and that there is no evidence to support the general verdict.

Before a special finding can be treated as controlling and as entitling a party to a judgment notwithstanding the general verdict, such special finding must be as to an ultimate fact and must be inconsistent with the general verdict. In determining whether a special finding is inconsistent with and controlling of the general verdict the court cannot consider the evidence as in fact introduced at the trial. The general verdict must prevail over the special finding if under the issues in the case there could have been proof of supposable facts not inconsistent with the special finding, sufficient on any theory to warrant the general verdict. Chicago & N. W. R. Co. v. Dunleavy, 129 Ill. 132; Stein v. Chicago & G. T. R. Co., 41 Ill. App. 38; Barnes v. Rembarz, 150 Ill. 192; St. Louis, A. & T. H. R. Co. v. Eggmann, 161 Ill. 155. Every reasonable presumption will be entertained in favor of a general verdict, while nothing will be presumed in favor of a special finding. Chicago & N. W. R. Co. v. Dunleavy, 129 Ill. 132; Barnes v. Rembarz, 150 Ill. 192. Whether a blue flag was displayed on the south end of the car McNeary coupled the car to, that he caused to be pushed in on track 8 when Offner was injured, is, to say the most for it, no more than an evidentiary fact. It may well be the car he so coupled to was not the car Offner was working under, nor in any way attached to it or closely adjacent to it. It may be the car coupled to had been previously pushed

in on track 8 by this same switching crew in direct violation of the rules of the yards, after Offner had placed a blue flag on the south end of the car he was working under and the view of such blue flag had been thereby obstructed. It may be the switching crew had actual knowledge of the position in which Offner was working and willfully or negligently pushed the car coupled to against the car under which he was working, with unnecessary force, in any of which events the fact that a blue flag was not exposed on the south end of the car coupled to would not be inconsistent with a verdict of guilty. It follows that the motion for judgment *non obstante veredicto* was properly denied. For like reasons the court properly refused to submit to the jury the other special interrogatories asked for by appellants.

The complaint that the court erred in permitting appellee to introduce proof tending to show that the bell on the switch engine was not rung or the whistle sounded at the time in question is without force in view of the fact that the objection made to its introduction was that appellee had then closed his case, and that no objection was then made to its materiality. It is within the discretion of the trial court to permit proof to be introduced out of its order in proper cases, and the overruling of the objection made here was no abuse of such discretion. The question as to the materiality of this evidence is not presented by this record for our determination.

While the witness Spriggs was on the stand as appellee's witness, he was asked, "What were your duties with reference to the men who worked with or under you?" This was objected to as not material and not redirect. Appellee's theory was that Offner was working where he was injured under specific orders from Spriggs acting as foreman for appellant, the Chicago & Erie Railroad Company, and that Spriggs as such foreman knew not only where Offner was working, but also knew or should have known

what the switching crew was doing and where they were placing cars, and that it was the duty of Spriggs, as foreman, to have prevented the switching crew of appellant, the Chicago & Western Indiana Railroad Company, from pushing the cars they were handling in on track 8. Upon that theory the question was not subject to the objection of immateriality, and its admission out of its regular order was discretionary with the court. The witness answered: "My duties were to direct such work as the foreman would tell me to have done." He was then asked, "Who was in charge of the work in that yard when the foreman was away?" This question was objected to as being a mixed question of law and fact. This objection the court properly overruled. The question in effect was "who acted as, or took the place of, the foreman in his absence?" and called for a fact unmixed with questions of law.

The action of the court in refusing instructions Nos. 21, 22, 25, 26, 27 and 28, asked by appellant, is complained of. Refused instructions Nos. 21, 22 and 26 expressly direct a verdict for the defendant, and are based on the theory that Offner had failed to comply with the rule of the yards requiring him to place a blue flag on cars he was repairing, and omit the element of a possible finding by the jury that the switching crew acted willfully and with actual notice of Offner's position and danger. Refused instruction No. 27 directs the jury under certain contingencies to find "the trainmen" not guilty of negligence. The trainmen were not on trial or parties to the suit. Refused instruction No. 28 announces the fact that there is no evidence in the case from which the jury can infer that any of the switching crew had any knowledge or notice that Offner was at work under the car, unless a blue flag was displayed on the south end of the car or cars standing there. The evidence shows that this crew in passing south by these standing cars, preparatory to and immediately before pushing the cars they were handling

in on track 8, passed within a few feet of where Off-
ner and Spriggs were working in plain sight, at the
north end of one of these standing cars. This was a
fact the jury clearly had a right to consider on the
question of the knowledge of or notice to the switch-
ing crew of the presence of Offner, and of the danger
he was exposed to. Refused instruction No. 25 an-
nounces that there is no proof that appellant, the
Chicago & Erie Railroad Company, had the con-
trol or management of the switch engine and that it
cannot be held responsible for the mode in which it
was operated, or for any act of any member of the
switching crew. The appellant, the Chicago & West-
ern Indiana Railroad Company, was the owner of the
yards in question.     The appellant, the Chicago &
Erie Railroad Company, had secured from the owner
by contract a right to use the yards for the purposes it
was using the same at the time Offner was injured.
When injury results from the negligent operation of
a railroad, whether such negligence is that of the
owner, or of some other corporation whom the owner
authorizes or permits to use the tracks, both the owner
and the user of the track are liable. West Chicago
St. Ry. Co. v. Horne, 197 Ill. 250. Refused instruction
No. 25, in so far as it announced the rule that
the appellant, the Chicago & Erie Railroad Company,
could not, under the facts in this case, be held re-
sponsible for the mode or manner of the operation of
the switch engine of appellant, the Chicago & Western
Indiana Railroad Company, or for any act on the part
of the switching crew, is in conflict with the express
holding of the court in the Horne case cited. For the
reasons given we think no error was committed by the
trial court in refusing any of the instructions re-
ferred to.

Appellants contend that the verdict is in conflict
with the evidence in that the evidence shows Offner
failed to display a blue flag, as required by the rules
of the yards, and that his injury and death were the

result of his own negligence in failing so to do. The evidence of the witness, John Heinz, is that when Offner went to work on the car where he was injured he placed a blue flag on the south end of the car in the usual and proper place, and proceeded to work on the other end of the same car, and that when he so placed the blue flag on the car, it was the only car on that track. He described the flag as to its use, of what it was made, how and where Offner placed it on the car, where he obtained it, and where he went after he had placed it on the car. He also testified that when Offner placed the flag on the car no one was present except Offner and himself, but that about twenty-five minutes after he went to work Dick Spriggs, a colored man, came and helped him. The colored man, Dick Spriggs, contradicts Heinz in several important particulars, but he does so in such a way as to materially depreciate his own testimony. He interchangeably testified positively to facts and then used with reference to the same facts such expressions as, "It is my recollection;" "To the best of my recollection;" "It seems to me;" and "I think I remember." In this qualified manner he testified he went with Offner when he went to work on the afternoon he was killed; that there were two or more cars then on track 8; that he did not see the witness Heinz there and that Offner did not place a blue flag on the car or cars. On cross-examination he said, "I never gave a thought about the flag, I never considered it a moment, about the flag. I never stopped to think about it." These two witnesses, Heinz and Spriggs, were the only two witnesses who undertook to say, or who pretended to know, whether Offner placed a flag on the car or cars where he went to work. We think as between these two witnesses the testimony of Heinz is much more worthy of credit, and that the jury were warranted in finding, as they evidently did, that Offner complied with the rules of the yards as to putting up the blue flag. There was nothing in the rules of the yard that

required Offner to keep watch of the flag after he had placed it in position to see that no one else took it down, or to watch the track to see that no cars were pushed in on it so as to obscure the flag from view in violation of the rules of the yard. He had a right to assume that others working there would obey the rules and the fact that, when the switching crew pushed in on track 8 the car that caused the injury, there was another car there besides the one Offner was working on, on which other car no flag was exposed, instead of being evidence of negligence on the part of Offner, strongly tends to show that such other car had been improperly placed there after he went to work and in violation of the rules referred to. There is nothing in the record to warrant this court in holding that Offner was guilty of contributory negligence.

On the question of the negligence of appellants, the law is that it was the duty of them both to see to it that their trains and cars were so operated as to do no unnecessary damage to the person or property of any one. A failure in the performance of that duty by either of appellants would be negligence for which they would both be liable under the holding in West Chicago St. Ry. Co. v. Horne, 197 Ill. 250.

The jury found both appellants guilty of negligence and a careful study of the evidence convinces us that the verdict was right; that appellants knew, or by the exercise of ordinary care would have known, where Offner was at work, and of the danger to which he was exposed, and that he came to his death because of the heedless disregard of his danger on the part of both appellants. Upon appellant, the Chicago & Erie Railroad Company, by whom Offner was employed, a special duty rested to see to it that the place where he was sent to work should remain at least as safe as when he began his work there. As already stated, the evidence fairly tends to show that when he went to work there was but one car on the track, and that on that car he placed, in the appropriate place,

a blue flag as required by the rules of the yards and that between the time he went to work and the time he was injured, some one, in violation of those rules, had pushed in another car on that track in such a position as to obstruct the view of the flag by the switching crew. This rendered the place more dangerous, and in permitting it to be done the employer failed in a duty and was guilty of negligence.

It is next contended that Offner, as to appellant, the Chicago & Erie Railroad Company, assumed the risk of the injury he received and therefore cannot recover. It is true a servant assumes the risk of the ordinary, usual and obvious dangers of an employment into which he voluntarily enters, but he never assumes such risks and dangers as arise from a neglect of duty on the part of the master to keep the place where the servant is at work reasonably safe. We can not hold that Offner assumed the risk of his employer's failing to keep the place, where he was at work, reasonably safe.

The last contention is that the injury to Offner was caused by the negligence of a fellow-servant. There is absolutely nothing in this record on which to base such a contention.

Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*