### Galveston, Harrisburg & San Antonio Railway Company v. Anton Reitz.

#### Decided December 11, 1901.

**1.—Railroads—Killing Live Stock—Fenced Right of Way—Ordinary Care.**

Where a railroad company fences its right of way it is liable only for injuries resulting from want of ordinary care in the operation of its trains, or in failing to keep its fences in repair. Rev. Stats., art. 4528.

**2.—Same—Gap in Fence.**

Where the evidence showed that the railroad company had fenced its right of way, and that there was a gap in the fence through which plaintiff's cattle came upon the right of way, and were killed by the train, it was error to hold that absolute liability of the company was shown, and to reject testimony tending to show ordinary care in keeping the fence in repair.

**3.—Practice on Appeal—Exceptions to Findings Below.**

Where an action against a railway company for killing live stock was tried

before the court alone, and the court erroneously rejected evdence showing diligence on defendant's part in maintaining the fence along its right of way, and found as a fact that the was no negligence in the operation of defendant's train, and such finding was not excepted to by plaintiff, and he filed no cross-assignment of error attacking such findings as unsupported by the evidence, he was not entitled on appeal to urge that such ruling was harmless on the ground that the uncontradicted evidence showed that defendant was negligent in operating the train.

Appeal from the County Court of Colorado. Tried below before Hon. J. J. Mansfield.

*Foard, Thompson & Townsend* and *A. L. Jackson,* for appellant.

*J. R. Wooten* and *Adkins & Green,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit to recover of appellant the value of a mare owned by appellee and alleged to have been killed by the negligence of appellant. The court below filed the following conclusions of fact and law, which contain a sufficient statement of the facts bearing upon the points raised on this appeal and decided in this opinion.

"Conclusions of Fact.—About November 1, 1900, at a point on defendant's railroad opposite a negro church in Colorado County, Texas, there was a gap in defendant's right of way fence. This gap had been used by negroes and other tenants of nearby farms. It had not been made by plaintiff. The animals were being pastured for plaintiff by one Burttschell, who had charge of them and of the field where the break in the fence occurred. Through this gap plaintiff's animals got upon defendant's right of way, and were killed by defendant's train. The animals were worth $150. There was no attempt on the part of plaintiff to show negligence in handling of the train in the striking of the animals.

"Conclusions of Law.—The existence of the gap in the fence and the fact that plaintiff's animals got through it upon the railway and were killed, fixes liability under the statute. Diligence upon the part of the railway company in maintaining its fence at that point is immaterial, and testimony offered by defendant to show diligence and watchfulness in maintaining its fence was rejected and not considered. From the foregoing I conclude the defendant's liability is absolute under the statute, and render judgment in plaintiff's favor for $150."

Appellant's first and second assignments present the only question involved in this appeal, and may be considered together, said assignments being as follows: "The trial court committed reversible error in rejecting, excluding, and not admitting the testimony of the witnesses, Weigel and Bracy (see bill of exceptions filed April 19, 1901), tending to show active diligence on the part of defendant in maintaining and keeping its fence in repair, and that it was in repair the day before the injury. The defendant's liability under the statute was fully met and

discharged by fencing the road, and thereafter using reasonable care to keep the fence up.

"The court committed reversible error in finding and concluding in his conclusions of law, filed 18th of April, 1901, that the defendant became absolutely liable for the killing of plaintiff's animals on plaintiff showing only the fact that there was a gap in defendant's fence; that plaintiff's animals entered through such gap upon defendant's right of way and track, and were killed by defendant's train; and in holding, in the same connection, that diligence upon the part of defendant to maintain its fence in good repair was immaterial and not to be considered."

We think these assignments should be sustained. Our statute fixing the liability of railroad companies for the value of all stock killed by the locomotives and cars of such companies in running over their respective roads provides: "If the railroad company fence in their road they shall only be liable for injury resulting from want of ordinary care." Rev. Stats., art. 4528. While there is force in the contention that this statute contemplates that the liability of the railroad shall depend upon the question of negligence only when the road is actually inclosed by a sufficient fence at the time of the injury, and that the expression "want of ordinary care," used in the statute, is intended to apply only to want of such care in the operation of trains, our courts have not so construed the statute.

It seems to us settled that after a railroad company has once erected fences along its right of way as required by law it is only liable under the statute for stock killed or injured by it when such injury results from a want of ordinary care in the operation of its trains or in failing to keep its fences in repair. Railway v. Cash, 8 Texas Civ. App., 569; Railway v. Robinson, 17 Texas Civ. App., 400.

Appellee does not contend that the law is otherwise than above stated, but insists that the uncontradicted evidence in the case shows that the employes of appellant were guilty of negligence in operating the train which killed the animal in question, and the error of the trial court in excluding the proffered evidence of appellant and in holding the liability of appellant absolute was harmless, since no other judgment than one in favor of appellee could have been rendered under the facts in the case. It is a sufficient answer to this argument to say that the trial court found as a fact that there was no negligence in the operation of the train. This finding was not excepted to by the appellee, and there is no cross-assignment attacking such finding as being unsupported by the evidence. Such being the state of the record, we are not authorized to pass upon the question as to whether such finding is sustained by the evidence.

For the error in refusing to admit the evidence offered by appellant, and in holding that the liability of appellant under the facts of this case was absolute, the judgment of the court below will be reversed and this cause remanded for a new trial.

*Reversed and remanded.*