GULF, COLORADO & SANTA FE RAILWAY COMPANY v. J. M. MILLER.

No. 1354.    Decided November 28, 1904.

**1.—Negligence—Railway—Train Belonging to Another Road.**

Evidence considered and held insufficient to show that the train of another company, operated by its servants on defendant's track, was under the exclusive control and direction of such other company, or to relieve defendant from liability for an injury by negligence in its operation. (Pp. 272, 273.)

**2.—Same—Presumption.**

The corporation owning a railroad in the operation of which a wrong has been done is presumed to be in possession and operation of its road, and has the burden of showing that the train of another company running over it was not operated by it or under its control; this presumption was not repelled by mere proof that the train belonged to and was moved by servants of the other company. (Pp. 273, 274.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Cooke County.

Miller sued the railway company and had judgment, which was affirmed on defendant's appeal. Appellant then obtained writ of error.

*J. W. Terry* and *Ballinger Mills,* for plaintiff in error.—When one railway company allows another to run trains over its line for the sole use and benefit of the second company, the first company is not liable for a tort committed by the servants of the second company, unless the person injured by said tort is one to whom the first company owes some duty. If said person is a trespasser upon the track, the second company and not the first company is liable for the tort.

The undisputed evidence showed that the Atchison, Topeka & Santa Fe Railway Company paid this defendant for the privilege of allowing it to run its ballast trains down to the gravel pit, and that the plaintiff was injured by an engine owned and operated exclusively by the employes of the Atchison, Topeka & Santa Fe, over whom defendant had no control. The defendant was not, therefore, liable for the injury to plaintiff, and the court erred in its charge to the jury in this respect. Cunningham v. International Ry. Co., 51 Texas, 503-509; Houston, etc., Ry. Co. v. Meador, 50 Texas, 87; Evans v. Sabine & E. T. Ry. Co., 18 S. W. Rep., 493; Harper v. Newport, etc., Ry. Co., 14 S. W. Rep., 346; Hays v. Northern Pac. Ry. Co., 74 Fed. Rep., 279; Lakin v.

Willamette Valley, etc., Ry. Co.., 26 Am. and Eng. Ry. Cases, 612, 613; Chicago R. I. & P. Ry. Co. v. McKittrick, 78 Ill., 619.

An express statute of the Indian Territory authorizes one company to lease the tracks of another. Under such a state of facts, the lessee company would be liable for any tort committed by its servants, and the lessor company would not be liable. The only ground upon which our courts have held a company which allows another to operate trains over its tracks liable for a tort committed by servants of that other company is that no legislative authority is shown for the lease. There being legislative authority in the Indian Territory, this objection to our assignment can not prevail. U. S. Stats. at Large, vol. 30, p. 431; Missouri K. & T. Ry. Co. v. Owens, 75 S. W. Rep., 579.

*Stuart & Bell* and *R. H. West,* for defendant in error.—As there was no lease of the property of plaintiff in error to the Atchison, Topeka & Santa Fe Railway Company shown by the evidence, as plaintiff in error retained the control, management and use of its track and property, and directed through its train dispatchers the movements of the engine that hit defendant in error, and of its train crew, and as defendant in error was not an employe of plaintiff in error, plaintiff in error was liable to defendant in error for his injuries, and the trial court did not err in the section of its charge complained of. Illinois C. Ry. Co. v. Barron, 5 Wall., 90; 11 Elliott on Railroads, 607, sec. 470, 614, sec. 477, 589, sec. 451; 23 Am. and Eng. Enc. of Law, 2 ed. 786; Pennsylvania Co. v. Ellett, 42 Am. and Eng. Ry. Cases, 64; 132 Ill., 654; Soziwak v. Phil. & R. Ry. Co., 4 Pa. Dist. R., 339; Heron v. St. Paul, etc., Ry. Co., 68 Minn., 551-2; Driscoll v. Norwich & W. Ry. Co., 65 Conn., 230; Garven v. Chicago, etc., Ry. Co., 75 S. W. Rep., 193; Atwood v. Chicago, etc., Ry. Co., 72 Fed. Rep., 447; Booth's Street Railway Law, 570.

As the uncontradicted proof showed that plaintiff in error was directing and controlling the movements of the engine that hit defendant in error, and its train crew at the time of the accident, as plaintiff in error was in charge of and operating its road, the fact that the persons operating said engine were paid by the Atchison, Topeka & Santa Fe Railway Company did not relieve plaintiff in error from liability to defendant in error for his injuries, especially as there was no positive proof as to the arrangements between plaintiff in error and the Atchison company as to the running of the engine that hit defendant in error over plaintiff in error's road. Gulf, etc., Ry. Co. v. Shelton, 96 Texas, 301; Wallace v. Southern C. Oil Co., 91 Texas, 18; Missouri Pac. Ry. Co. v. Jones, 75 Texas, 151; Gulf, etc., Ry. Co. v. Dorsey, 66 Texas, 152; Missouri K. & T. Ry. Co. v. McGlamory, 34 S. W. Rep., 359; Missouri Pac. Ry. Co. v. Bond, 2 Texas Civ. App., 106.

As the plaintiff in error was in possession of, had control of and operated its road and was directing the movements of the crew of the engine that injured defendant in error, it was responsible for the neg-

ligent acts of said crew causing the plaintiff's injuries.    Garven v.
Chicago, R. I. & P. Ry. Co., 75 S. W. Rep., 193; Atwood v. Railway Co.,
72 Fed. Rep., 447.

WILLIAMS, Associate Justice.—The defendant in error, who was
plaintiff below, was hurt upon the track and within the switch limits
of the plaintiff in error, defendant below, at Dougherty, I. T., by an
engine which was owned by the Atchison, Topeka & Santa Fe Railway
Company and was operated by its employes over the tracks of the defend-
ant.   By the judgment now before us for revision the defendant was
held liable for the injury, the trial court having instructed the jury
that the fact that the engine was owned by the Atchison, Topeka &
Santa Fe Company and was operated by its servants would not defeat
the plaintiff's action.   The application for writ of error, which was
granted by this court, assumed that it was shown by the evidence that,
under authority of an act of Congress relating to railways in the Indian
Territory, an arrangement had been made between the two companies
for the "use or lease of the railroad" of the defendant by the Atchison
Company, under which the latter had the right to use of the tracks, and
that its locomotives and trains, in passing over them, were under its
exclusive control and direction.   U. S. Stats. at Large, p. 431.   Such we
do not find, upon further examination, to be the state of the evidence.
The record is silent as to the nature of the relations existing between the
two companies except as they may be gathered from the expressions
dropped from the servants who were in charge of the engine in question,
while testifying about the facts attending plaintiff's injury.   The con-
ductor, engineer, fireman and brakemen testified that they were in the
employ of the Atchison Company and that the engine belonged to it;
but it further appears from their testimony that the defendant was in
possession of its road and was operating it.   One of its freight trains
was standing on a sidetrack at Dougherty and its passenger train was
due there when the accident occurred.   Dougherty was one of defend-
ant's "registering stations," where the conductors of passing trains were
required to register, showing "name of conductor and engineer. number
of cars and number of engine."   The registering was done in defend-
ant's station and evidently in accordance with its regulations and for its
information.   The engine by which plaintiff was hurt had been brought
to Dougherty over defendant's track, for the purpose of hauling a gravel
train of the Atchison Company over the same road to a gravel pit, south
of Dougherty, to get gravel to be used on the Atchison Company's road-
bed.   As the defendant's passenger train from the south was about due,
the engine was stopped at the station to register and to ascertain if there
was time, before its arrival, to go to a tank, also south of the station,
to get water and return.   Learning that there was time, the employes
proceeded southward and struck plaintiff before they passed out of the
switch limits.   It appears that, while the engine belonged to the Atchi-

son Company and was operated by its servants for its benefit, it was run over defendant's road, with its consent, under its train orders sent from Cleburne, and while the road was in its own possession and under its control. All that is shown concerning the arrangement under which this was done is contained in the testimony of the trainmen in such expressions as these: "We do not steal over on the track of the G. C. & S. F. without letting them know it. The defendant gave us authority to go. The A. T. & S. F. did. We got train orders from the defendant G. C. & S. F. We got the orders from defendant's train dispatcher at Cleburne, I suppose." * * * "I suppose the A. T. & S. F. paid the G. C. & S. F. for the use of its track. I expect the A. T. and G. C. belong to the Santa Fe Route. I expect E. P. Ripley is president of the A. T. and G. C." * * * "They [the A. T. and G. C.] belong to the Santa Fe system. E. P. Ripley is president of the S. F. Pacific, the Atchison and G. C. & S. F." * * * "The A. T. & S. F. is a member of the great Santa Fe system."

We think it is clear that this evidence is insufficient to show any state of facts sufficient to exempt the defendant from liability for the injury inflicted on its track, although by an engine of another company. The case is not shown to be one in which one railroad corporation has, by a lease or other contract, executed under lawful authority, surrendered to another the exclusive possession and operation of its road, nor one in which the owning corporation, while conducting its business over its road, has, with like authority, admitted another to the separate and independent use of its tracks, reserving only such control over the trains and locomotives of the other as to make their movements consistent with the operation of its own. It is therefore unnecessary that we consider the effect such arrangement would have, under the act of Congress referred to, upon the responsibility of the defendant for the negligence of the other company in the operation of its trains or engines. The evidence makes it appear only that an engine of the latter company was driven by its servants over the defendant's road with its consent and in accordance with its orders, leaving the case open to the assumption that it had that complete control and direction of the movements of the engine, while on its line, which its ownership entitled and obligated it to have, in the absence of some lawful contract with the other company, limiting its rights and duties in this respect.

It is a sound proposition, often applied, that the corporation, shown to be owner of a railroad in the operation of which a wrong has been done, is presumed to be in the possession and operation of its road. Ferguson v. Wisconsin Cent. Ry. Co., 23 N. W. Rep., 123; Walsh v. Missouri P. Ry. Co., 14 S. W. Rep., 873; Peabody v. Oregon, etc., Ry. Co., 21 Ore., 121. The fact that the defendant was operating its road is not left to presumption, but is conceded; and the contention is then made that it was not operating this engine, merely because it belonged to, and was in the immediate charge of the servants of, another corporation.

98 Sup—18.

But these facts do not tend to show that those servants, while on defendant's line, were not completely under its control, and the other evidence, so far as it goes, tends to show that they were. The presumption to which we have referred puts upon the owner of a railway, on which an injury has been inflicted by moving cars, the burden of showing, at least, that such cars were not operated by it or under its control, and this presumption is not repelled by mere proof that they belonged to and were moved by servants of another. The defendant is therefore as fully responsible to plaintiff for the injury inflicted in the moving of this engine as it would have been had it belonged to it and been in charge of its own servants. In this state of the evidence it would be out of place to enter upon a consideration of the questions that would arise had it been shown that the defendant, under authority of the act of Congress, had made some such an arrangment as those we have referred to above.

We can not hold that there was no evidence of negligence on the part of those operating the engine, nor that the evidence conclusively established contributory negligence on the part of the plaintiff. Other points urged for reversal were properly disposed of in the court below.

*Affirmed.*