CHICAGO, R. I. & G. RY. CO. v. PORTER et al. (No. 1282.)

(Court of Civil Appeals of Texas. Texarkana. April 1, 1914. Rehearing Denied April 16, 1914.)

1. RAILROADS (§ 412*)—INJURIES TO ANIMALS —FENCES.

Though a railroad company had fenced its right of way sufficiently to prevent stock from getting upon the track, its duty to keep its right of way sufficiently inclosed was not thereafter discharged by the exercise of ordinary care to maintain the fence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1451–1458; Dec. Dig. § 412.*]

2. RAILROADS (§ 441*) — INJURIES TO LIVE STOCK.

Where a horse was killed upon the right of way of the defendant railroad company, it is presumed that defendant's train ran him down, and it has the burden of proving that the train was owned and operated by another company, though the petition alleged that the horse was run down by defendant's train.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1575–1595; Dec. Dig. § 441.*]

3. MUNICIPAL CORPORATIONS (§ 753*)—LIABILITY FOR ACTS OF AGENTS.

Where the servants of a municipality negligently made an opening in the fence of a railroad company, and a horse which strayed through the opening was killed on the tracks, the municipality is not liable to the railroad company, unless the making of the opening was within the scope of the authority of its agents.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1584, 1586; Dec. Dig. § 753.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by D. K. Porter against the Chicago, Rock Island & Gulf Railway Company, which impleaded the city of Dallas. From judgment for plaintiff, which denied the defendant relief against the impleaded city, defendant appeals. Affirmed.

This was a suit by appellee Porter against appellant to recover the value of a horse killed by a train operated over its line of railway. It was alleged that the horse was killed "through the negligence and want of ordinary care of defendant's agents and employés operating its said cars, and through the failure of said defendant to protect the railroad by proper fencing at this point." Appellant in its answer alleged that its line of railway was properly fenced at the place where the animal was killed, but that employés of the city of Dallas, while laying water mains for that city, "broke down and removed the fence" which inclosed its right of way, "and left the same open, so that

horses and other animals could get through the same and upon the defendant's track, and defendant charges that the plaintiff's horse, which is alleged to have been killed, and for which he sues, got through the opening left by the servants and the employés of the said city of Dallas and upon the track of defendant and was killed." Appellant asked that the city of Dallas, the other appellee, be made a party to the suit, and that, in the event appellee Porter recovered against it, it have a recovery over against said city. The city of Dallas, having been made a party, filed an answer. The verdict and judgment were in favor of appellee Porter against appellant for the sum of $250 as the value of the horse, and in favor of the city as to appellant's suit against it.

Lassiter, Harrison & Rowland and Bennett Hill, all of Dallas, for appellant. W. J. Rutledge, Jr., C. F. O'Donnell, M. S. Church, and G. C. Adams, all of Dallas, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] The court instructed the jury, other conditions concurring, to find for appellee Porter if they believed from the evidence that appellant "failed to keep its track fenced with a fence sufficient to prevent stock of ordinary docility from getting through and upon the railroad track." Having properly fenced its track, in the first instance, appellant insists that the duty it owed was only to use ordinary care to keep it so fenced, and cites Ry. Co. v. Reitz, 27 Tex. Civ. App. 411, 65 S. W. 1088, decided by the Court of Civil Appeals for the First District, as conclusive of its contention. In Ry. Co. v. Pruitt, 49 Tex. Civ. App. 370, 110 S. W. 966, this court held to the contrary, and the Supreme Court, in answering a question we then certified to it, settled the question against appellant's contention, holding that "the condition upon which the immunity is allowed is that the road shall be fenced; that is, that it shall be sufficiently inclosed to prevent the passage of live stock, and not that it shall exercise ordinary care to see that it is maintained in that condition."

[2] It was shown that other railway companies also operated trains over appellant's track at the point where the horse was killed, but the nature of the arrangement between appellant and said other companies under which they so used the track was not shown. Whether the horse was killed by a train operated by appellant or by a train operated by one of said other railway companies did not appear from the testimony. Appellee Porter having alleged that his horse was killed by one of its trains, appellant insists he was bound to prove it, and, failing to do so, was not entitled to recover against it. But in such a state of the case we think a presumption should be indulged

that the horse was killed by one of appellant's trains. "It is a sound proposition, often applied," said the Supreme Court in Ry. Co. v. Miller, 98 Tex. 273, 83 S. W. 183, "that a corporation, shown to be owner of a railroad in the operation of which a wrong has been done, is presumed to be in the possession and operation of its road. * * * The presumption to which we have referred puts upon the owner of a railway, on which an injury has been inflicted by moving cars, the burden of showing, at least, that such cars were not operated by it or under its control."

What has been said disposes of the assignments, except one, which question the validity of the judgment in so far as it is in favor of appellee Porter against appellant. In the one excepted, appellant complains of the refusal of the court to peremptorily instruct the jury to find in its favor. On the issue between appellee Porter and appellant, we think the testimony would have more nearly justified a peremptory instruction to find in favor of the former.

[3] The other assignments question the correctness of the action of the court in giving and refusing instructions with reference to appellant's claim of a right to recover over against the city of Dallas in the event appellee Porter recovered against it.

Other conditions concurring, the court told the jury to find in appellant's favor against said city, if they believed its employés "negligently made an opening or gap" in appellant's fence. The contention is that, if the city's employés made an opening in the fence through which the horse passed from the pasture in which it was confined to appellant's track, their act constituted a willful trespass, for the consequences of which the city was liable. If the instruction was erroneous, we think it was so because too favorable to appellant. Unless the act of the employés in making the opening in appellant's fence was within the scope of their employment, the city was not liable, whether the act was willful or merely negligent. 3 Abbott's Mun. Corp. § 973 et seq.; City of Galveston v. Brown, 28 Tex. Civ. App. 274, 67 S. W. 156. We have found nothing in the record showing that, if the employés of the city made the opening in the fence, they did so in the performance of a duty arising out of their employment. The evidence rather tends to show that, if they made the opening, it was for their own personal convenience merely in reaching a lake of water inside the pasture.

For the reason just suggested, we think the court did not err when he refused appellant's request to instruct the jury to find for it as against the city in the event they found in favor of appellee Porter, if they believed employés of the city "cut down the fence or left down a gap in the fence, * * * and that plaintiff's horse went through the open-

ing in said fence and was killed." If the employés, for purposes of their own, and acting without the scope of their employment, made the opening in the fence, the city was not liable for the consequences of their act.

The judgment is affirmed.