## TEXAS INTERURBAN RY. CO. v. HUGHES et al.

### No. 1582—5947.

Commission of Appeals of Texas, Section A.
Oct. 26, 1932.

Allen Charlton and Worsham, Rollins, Burford, Ryburn & Hincks, all of Dallas, for plaintiff in error.

Carden, Starling, Carden & Hemphill, C. C. Huff, and J. M. Chambers, all of Dallas, for defendants in error.

SHARP, J.

L. B. Hughes filed this suit in one of the district courts of Dallas county against the Texas Interurban Railway Company and the Missouri-Kansas-Texas Railroad Company of Texas for personal injuries received by himself and for expenses incurred in connection therewith, and in connection with injuries received by his minor daughter, arising out of a collision between an automobile and an electric interurban car operated over the track of the Missouri-Kansas-Texas Railroad Company of Texas under a contract between the Texas Interurban Railway and the Missouri-Kansas-Texas Railroad Company.

For convenience we will designate the Texas Interurban Railway as the Interurban and the Missouri-Kansas-Texas Railroad Company of Texas as the Railroad Company. Many acts of negligence were alleged, and the defendants alleged that the collision was caused solely by the negligence of the driver of the automobile, and, in the alternative, that it was caused by the negligence of the plaintiff, and each defendant filed a cross action over against its codefendant, basing the same upon the terms of the contract under which the Interurban operated its cars over the tracks of the Railroad Company.

After the conclusion of the evidence, the

trial court instructed a verdict in favor of the Railroad Company against the Interurban on its cross-action. The case was submitted to the jury upon special issues. The jury, in answer to the special issues submitted, established the following acts of negligence, each and all of which is found to be a proximate cause of the collision: (1) That the speed at which the Interurban was being operated constituted negligence; (2) that the motorman was negligent in the matter of keeping a lookout for the automobile; (3) the motorman was negligent in the matter of giving warning of the approach of the interurban car; (4) that it was negligence to operate the interurban car at this crossing without prior to the time of the collision having installed thereat an automatic electric signal or warning device; (5) the jury also found, in answer to special issues, that the plaintiff was not guilty of any negligence in any of the several matters submitted to them; (6) the jury also found, in answer to special issues, that the driver of the automobile, plaintiff's daughter, was not guilty of negligence in any of the several respects submitted. The jury awarded the plaintiff $11,500 by reason of his own injuries and $497.30 by reason of the expenses incurred on account of the injuries to his minor daughter. In response to the instruction of the trial court, the jury found a general verdict in favor of the Railroad Company upon its cross-action against the Interurban and also upon the cross-action of the Interurban against the Railroad Company. The trial court entered a judgment in favor of the plaintiff against each of the defendants, jointly and severally, in the sum of $11,997.30, and furthermore that the Railroad Company recover of the Interurban on its cross-action in the same sum above stated, and that the Interurban take nothing upon its cross-action against the Railroad Company. An appeal was made to the Court of Civil Appeals at El Paso, and the case was reversed and remanded. 34 S.W.(2d) 1103. A writ of error was granted.

This suit involves the construction of the provisions of a contract whereby the Railroad Company leased unto the Interurban Company the use of its tracks over which to operate its interurban cars. The tracks were also used by the Railroad Company in the operation of its trains.

That portion of the contract pertinent to the issues involved in this suit with respect to the liability of the Railroad Company and the Interurban reads as follows:

"Liability for loss or damage shall be as follows: * * *

"(3) Except as provided in paragraph (1) of this section, *for loss or damage resulting from the concurring negligence or wrongful act of the sole employee of both parties, or from the concurring negligence or wrongful act of joint employees alone, or from the failure or defect of any part of the jointly used facilities or in the maintenance thereof, the parties shall be jointly liable, and the expense of such loss or damage shall be deemed as operation and maintenance expense and be divided equally between them."* (Italics ours.)

The Interurban, in substance, contends: (1) That the contract made for the operation of interurban cars over the railroad tracks provides that the defendants would be equally liable for personal injury sustained where the negligence of a sole employee of the Railroad Company concurred with the negligence of a sole employee of the Interurban to cause the injuries; (2) that the Interurban having alleged that the collision in which plaintiff was injured was caused solely by the negligence of the Railroad Company in not maintaining any additional safety or signal device at the crossing, and if not solely caused by same that it concurred with other acts and omissions, if any, to cause said collision; (3) that under the terms of the contract the Railroad Company was liable for one-half of any recovery that might be had by the plaintiff, and the evidence being sufficient to raise the issue as to whether the Railroad Company, through a sole employee, was guilty of negligence in not including in its signal device at the public crossing or erecting independently thereof a sound element, and also being sufficient to raise the question of the negligence of a sole employee of the Interurban, and that the negligence of the sole employee of the Railroad Company concurred with the negligence of the sole employee of the Interurban; and (4) that the Court of Civil Appeals, in view of this record, erroneously held that there was no evidence raising any question of fact as to whether the collision between the automobile and the Interurban car at the public crossing was part of the result of the negligence of the sole employee of the Railroad Company who erected a fixed crossing signal without any sound element or electric bell, and further contends that the Court of Civil Appeals was in error in holding that there was no evidence under which the cross-action of the Interurban against the Railroad Company should be submitted to the jury.

The rule is well settled in this state that a railroad company chartered under a state law, but engaged in interstate commerce, may be authorized by the proper authorities to lease its property and relieve itself of liability for the negligence of the lessee during the term of the lease. Houston, E. & W. T. R. Co. v. Anderson (Tex. Sup.) 36 S.W.(2d) 983, and authorities cited; Gulf, C. & S. F. R. Co. v. Miller, 98 Tex. 270, 83 S. W. 182. However, the foregoing general rule does not

**450**

apply in this case. There is no contention made here that the Railroad Company was authorized by the proper authorities to make the lease involved, or that, with the exceptions of the provisions of the contract, its liability was to be limited. By the terms of the contract the Railroad Company and Interurban fixed as between themselves their respective liability.

■ It is also a well-settled rule that the Railroad Company would be liable for its negligence in failing to install proper signals at public crossings. This liability would not cease by leasing its tracks for joint common use to the Interurban under the facts involved here. A railroad company which admits another company to the joint common use of its tracks is liable for the negligent acts of such company in the enjoyment of such use, and such liability is not affected by the fact that the company using the tracks is also liable. 51 C. J. pp. 1101 and 1102; 22 R. C. L. p. 1083, § 316; Gulf, C. & S. F. R. Co. v. Miller, supra. When an injury results from the negligence or unlawful operation of a railway, whether by the original corporation to which the franchise is granted or by its lessee authorized or permitted to use the tracks for the operation of its cars, both lessor and lessee are liable to respond in damages to the party injured. Trinity Valley & N. R. Co. v. Scholz (Tex. Civ. App.) 209 S. W. 224; Texas & N. O. R. Co. v. Jones (Tex. Civ. App.) 201 S. W. 1085; Trinity & S. Ry. Co. v. Lane, 79 Tex. 643, 15 S. W. 477, 16 S. W. 18; Gulf, C. & S. F. R. Co. v. Miller, 98 Tex. 270, 83 S. W. 182; Ray v. Pecos, & N. T. R. Co., 35 Tex. Civ. App. 123, 80 S. W. 112; Gulf, C. & S. F. R. Co. v. Bryant, 30 Tex. Civ. App. 4, 66 S. W. 804; International & G. N. Railway Co. v. Underwood, 67 Tex. 592, 4 S. W. 216; International & G. N. Railway Co. v. Moody, 71 Tex. 616, 9 S. W. 465; Missouri, K. & T. Railway Co. v. Owens (Tex. Civ. App.) 75 S. W. 579, 582; Woodhouse v. Railway Co., 67 Tex. 420, 3 S. W. 323; Central & M. Railway Co. v. Morris & Crawford, 68 Tex. 59, 3 S. W. 457; Collins v. Railway Co., 15 Tex. Civ. App. 169, 39 S. W. 643; St. Louis Southwestern Railway Co. v. McGrath (Tex. Civ. App.) 160 S. W. 444; East Line & R. R. Ry. Co. v. Culberson, 72 Tex. 377, 10 S. W. 706, 707, 3 L. R. A. 567, 13 Am. St. Rep. 805; West Chicago St. Railway Co. v. Horne, 197 Ill. 250, 64 N. E. 331. Furthermore, the authorities sustain the rule that the Interurban is held to the same degree of care in its use of the railroad tracks for the operation of its cars as is imposed upon the Railroad Company itself. 51 C. J. 1104, § 1166.

It is undisputed that no automatic electric signal or warning device was installed at the railroad crossing where the collision occurred. Plaintiffs claim that the failure to install such electric signal or warning was negligence. The Railroad Company owned the right of way, the tracks, crossing signal, and all facilities, except the electric line and poles, and it leased to the Interurban the right to run electric cars over the railroad facilities.

The Interurban alleged that, if this was negligence, and plaintiff should recover judgment against it for any sum, it have judgment over against the Railroad Company for one-half of whatever amount plaintiff recovered against it. The jury found that it was negligence to operate the electric interurban car at the public crossing without having prior to the time of the collision installed thereat such signal or warning device.

■ It is also a settled rule that railway companies should maintain a flagman or some other signal at unusually dangerous or hazardous crossings to warn travelers of the dangers incident to the use of such crossing, although not liable by ordinance or statute. For a full and complete discussion of this question and the duty imposed upon a railroad company to place a flagman or some other warning device at a public crossing, we refer to the case of Galveston, H. & S. A. Ry. Co. v. Wells (Tex. Sup.) 50 S.W.(2d) 247.

■ We think that a fair and reasonable construction of the terms of the foregoing contract, under the pleadings and testimony, raises an issue of fact as to the liability of the Railroad Company for failure to install an electric signal and a warning device, and that it was error to hold that the Railroad Company as a matter of law was not liable to the Interurban by reason thereof.

The trial court submitted to the jury the following issue: " 'Do you find from a preponderance of the evidence that the collision in this case was *not due to an unavoidable accident?* Answer 'Yes,' or 'No.' In this connection with issue No. 54, you are charged that by the term 'unavoidable accident' is meant an event which occurs *without the negligence of either the plaintiff, L. B. Hughes, or the defendants, or the Interurban.'* To the issue the jury answered, 'No.' " (Italics ours.)

■■ The effect of the finding of the jury to this issue was in direct conflict with the finding of negligence on the part of the defendants. The burden was on plaintiff to show that the collision was the result of the negligence of the two defendants, or either of them. The finding of the jury on the issue of *unavoidable accident is in direct conflict* with the other findings of the jury on the issues of negligence, and the judgment is unsupported by any finding, and should not have been entered for either party. Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Com. App.) 7 S.W.(2d) 521; Texas & P. R. Co. v. Edwards (Tex. Com. App.) 36 S.W.(2d) 477;

Dallas Ry. & Terminal Co. v. Garrison (Tex. Com. App.) 45 S.W.(2d) 185; Autrey v. E. Nelson Mfg. & Lumber Co. (Tex. Civ. App.) 26 S.W.(2d) 298; Texas Electric Ry. v. Burt (Tex. Civ. App.) 272 S. W. 255.

Since this case will be reversed and remanded, we suggest that upon another trial, if the case is submitted to the jury upon special issues, the issue of unavoidable accident and the explanation thereof should be expressed in unambiguous language. Both the form of the issue and the language embraced in the explanation given in connection therewith are subject to criticism, and should be so phrased as not to confuse the jury.

It is further contended that the trial court erred in excluding the testimony of Miss Kline that immediately after the collision, and while the injured parties were still at the scene of the collision, she heard one or more men standing near the damaged automobile say that at the time, with reference to the accident, that "he had stopped his car to wait for the Interurban to pass and that this automobile involved in the collision came from behind him and passed to his left and ran right in front of the Interurban."

It is contended, among other things, that the testimony of Miss Kline was admissible, being a part of the res gestæ. The courts of this state have refused to announce a rigid rule respecting the admissibility of evidence as a part of the res gestæ. Only general and fundamental rules have been announced governing the admissibility of testimony under this rule. The testimony offered was statements made by bystanders, who are not parties to this suit. The statements were made after the collision. Mere narrations of past events are not admissible, but sometimes a narration is so close in point of time to the main fact, and is inseparable from it, as to be a part of it. In determining whether evidence is admissible under the rule, each case must be tested by its peculiar facts, and, if upon a fair analysis a statement after the event does not appear to be a continuation of it, it cannot be res gestæ, even though made near the time of the occurrence. Statements made must be either a part of the transaction or made under such circumstances as to raise a reasonable presumption that they are spontaneous utterances or facts created by or arising out of the transaction itself. If they are not in their nature a part of the fact, they do not constitute a part of the res gestæ, and are inadmissible, though closely related in point of time. If this general rule announced by the authoritative decisions was not adhered to, it would be made the means of introducing indirect testimony in such a way as to make it injurious and prejudicial to litigants. Therefore, when we come to test the testimony offered in the light of the rules bearing upon this subject, we do not think it meets the test required, and the trial court did not err in excluding it. 17 Texas Jurisprudence, pp. 616, 617, etc., and cases cited; Jones, Commentaries on Evidence (2d Ed.) vol. 3, §§ 1196, 1197, etc., and authorities cited.

We therefore recommend that the judgment of the Court of Civil Appeals reversing and remanding the judgment of the trial court be affirmed, and that this case be reversed and remanded to the district court for another trial in accordance with this opinion.

CURETON, C. J.

The judgment of the Court of Civil Appeals is affirmed, with instructions as recommended by the Commission of Appeals.