## THAMES v. CULWELL PACKING CO. et al.

No. 8608.

Court of Civil Appeals of Texas. Austin.

March 9, 1938.

Worth B. Durham and Kerr & Gayer, all of San Angelo, for appellant.

Scarborough & Ely, of Abilene, for appellee.

BAUGH, Justice.

Appeal is from a judgment that appellant, plaintiff below, take nothing in his suit against appellees for damages for personal injuries resulting from an automobile collision. Suit was against the Culwell Packing Company, a corporation, owner of the car involved in the collision, and against Miles Culwell, individually, its president. At the close of plaintiff's evidence, Miles Culwell was dismissed from the suit upon his motion; and, upon answer of the jury to a special issue submitted to them, judgment rendered on behalf of the corporation, from which this appeal is prosecuted upon pauper's oath.

The first error asserted by appellant complains of the dismissal as to Miles Culwell, individually, on the ground that there was evidence to go to the jury that he was in the car at the time of the collision. The collision occurred on the streets of San Angelo in the nighttime, when the car in question, driven by Hyler Farris, night watchman for the corporation, ran into the rear end of a small garbage wagon drawn by two burros, driven by the plaintiff. Both Culwell and Farris testified that Culwell was not in the car at the time. The only testimony relied upon by appellant to go to the jury on this issue was that of a witness who lived about a block away from the scene of the accident. About five minutes after it occurred witness went to the scene. Several people were already there and others came immediately after witness arrived. Witness knew Culwell but did not see him there. He testified that, while he was ministering to the plaintiff who was injured, he heard some one near the car, whom he did not know, ask where Mr. Culwell was, and some one else, he did not know who, said, "He is gone." This testimony was admitted over objections by defendants, and the witness was permitted to testify further as follows: "Well, there was somebody talking back in the crowd, I don't know who it was as there were several talking like there always are at a place like that, and they said: 'Miles has done jumped out of the car—' and that is all I got of it; I didn't know whether Miles was there or not, but I know that was what they said; like everything else somebody is always saying one thing and some another, as they have different ideas about it."

■ Manifestly this was purely hearsay. If admissible at all, it was as a part of the res gestæ. We do not think such purported statements of a bystander, made after the accident occurred, and not as a part of it, can be deemed a part of the res gestæ. This precise question was fully considered and determined adversely to the contention of the appellant by Judge Sharp in Texas Interurban Ry. Co. v. Hughes, Tex.Com.App., 53 S.W.2d 448. See, also, 41 Tex.Jur. § 257, p. 614; § 259, p. 618. The witness did not see Culwell there, nor did any one else testify to having seen him at the place of the accident. Under the circumstances, therefore, we think this testimony was not admissible and had no probative value; and without it there was no evidence that Culwell individually had any connection with the accident whatever. The trial court consequently properly rendered judgment in his favor.

■ Appellant next asserts misconduct of the jury entitling him to a new trial, and that it was error for the trial court to refuse to grant it.

The first question submitted to the jury was whether Hyler Farris, who was driving the car at the time of the accident, was then acting within the scope of his employment as an employee of said corporation. The jury was instructed that, if they answered "No" to this question, they need not answer any other question. They answered said question "No." The uncontroverted evidence showed that Farris was a night watchman at the defendant's plant, and that neither his duties required him to drive said car on the occasion in question, nor did he have any authority to do so. Farris testified that he had taken said car without authority on the night in question, had gone downtown to get cigarettes for himself, and had the collision on his way back to the plant of defendant corporation. The only testimony to the contrary was that of one witness, stepson of plaintiff, that a few days after the accident Farris had told him on the streets of San Angelo that on the occasion in question, he, Farris, was taking the car to a garage to have a tire repaired. This, however, was positively denied by Farris. The misconduct alleged related to this testimony. Two jurors testified that when they were considering the answer to be given to the issue above referred to, that some one of the jurors stated that "if he (Farris) had gotten a tire fixed that they would have known where it was fixed, and who fixed it."

■ We think that such a statement by one of the jurors cannot be classed as injecting into their deliberations extraneous facts and circumstances not disclosed by the evidence. It appears rather as but a process of reasoning on the part of the jury in passing upon the credibility of the testimony. At most, the testimony of the stepson as to what Farris had theretofore told him was but impeachment of Farris' testimony. It was no substantive evidence of the truth of such purported statement of Farris. Bradley v. Texas & P. Ry. Co., Tex.Com.App., 1 S.W.2d 861. We are inclined to the view that such statement of the juror was merely in the nature of argument, or process of reasoning, applied by the jury in passing upon the credibility of the testimony, and

666

did not constitute prejudicial misconduct requiring a new trial.

The last contention made by appellant is, in effect, that the testimony of Farris is such that it is contrary to human experience, manifestly incredible and untrustworthy; and that the finding of the jury was therefore contrary to the great weight and preponderance of the evidence. This contention manifestly cannot be sustained. The testimony of Farris and Culwell was positive as to what occurred, and was amply sufficient to take the case to the jury. It was their function to pass upon the credibility of the witnesses and the weight to be given their testimony. Having done so adversely to appellant, we, of course, are bound by their findings.

The issue found by the jury exonerated the corporation from liability for the unauthorized acts of its agent committed in the prosecution of his own individual enterprise, and clearly beyond the scope of his employment. 5 Tex.Jur. § 156, p. 774, and cases cited.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.