The West Chicago Street Railroad Company *et al.*

*v.*

John W. Horne.

*Opinion filed June 19, 1902.*

1. Verdict—*when a verdict is sufficient to support judgment.* In an action for negligence against both the lessor and the lessee of a street railway, a verdict finding the "defendant" guilty is sufficient to support a judgment against both defendants, the rule being, that a verdict will be sustained if by looking into the record it can be seen to be responsive.

2. Negligence—*both lessee and lessor of street railway are liable for negligence.* When an injury results from the negligent operation of a railway, whether by the corporation to which the franchise is granted or its lessee, both the lessor and the lessee are liable to respond in damages.

*West Chicago Street Railroad Co.* v. *Horne,* 100 Ill. App. 259, affirmed.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Jesse Holdom, Judge, presiding.

John A. Rose, and Louis Boisot, (W. W. Gurley, of counsel,) for appellants.

George C. Mastin, and Charles R. Whitman, for appellee.

Mr. Justice Hand delivered the opinion of the court:

This was an action on the case, brought by the plaintiff in the superior court of Cook county, against the defendants, the West Chicago Street Railroad Company and the Chicago Union Traction Company, to recover damages for personal injuries alleged to have been received by the plaintiff while a passenger in a car operated by the Chicago Union Traction Company, as lessee of the West Chicago Street Railroad Company. The declaration consisted of one count, which alleged that the

defendants were in possession of and operating a certain line of street railway and a certain train of cable cars running thereon; that the plaintiff was a passenger on said train of cars, riding on a grip-car, and that the defendants so carelessly, negligently and improperly drove and managed said grip-car that it ran into and struck against a certain wagon, whereby the plaintiff was struck with great force and violence by the collision with said wagon and injured. The defendants pleaded separately, each filing the general issue. The jury returned into court the following verdict: "We, the jury, find the defendant guilty and assess the plaintiff's damages at the sum of $3000." Upon this verdict judgment was rendered in favor of the plaintiff and against both the defendants for $3000, which judgment has been affirmed by the Appellate Court and a further appeal has been prosecuted to this court.

It is first assigned as error that the court erred in holding that the verdict was sufficient to support a judgment against both the defendants or against either of them. The criticism made upon the verdict is, that it uses the word "defendant" instead of the word "defendants." We think this irregularity wholly immaterial, as the rule is, that if, by looking into the record, the verdict can be seen to be responsive it will be sustained. On looking into the record it appears that the West Chicago Street Railroad Company was the lessor and the Chicago Union Traction Company the lessee of the street railway upon which the plaintiff was injured, and the law is well settled that when an injury results from the negligence or unlawful operation of a railway, whether by the corporation to which the franchise is granted or by another corporation which the proprietary company authorizes or permits to use its tracks, both the lessor and the lessee are liable to respond in damages to the party injured. (*Pennsylvania Co.* v. *Ellett*, 132 Ill. 654; *Chicago and Erie Railroad Co.* v. *Meech*, 163 id. 305.) In view of this fact there

is no uncertainty about this verdict, and the defendants were in nowise prejudiced by the informality in the verdict nor by the entry of judgment thereon. Although there was more than one defendant there was but one defense, and if one defendant was liable both were liable. There was no issue involved in the pleadings which was not determined by the finding of the verdict, and the omission of the letter "s," indicating thereby the singular instead of the plural number, in no way affected the validity of the verdict. The word "defendant" was used in the verdict as a collective noun, and included all the parties defendant. *Bacon* v. *Schepflin*, 185 Ill. 122.

It is next assigned as error that the court erred in giving to the jury the second and third instructions requested by the plaintiff and in refusing to give to the jury the twenty-second instruction requested by the defendants. We have examined these instructions with care and do not think the instructions which were given are subject to the criticism made thereon by the defendants, and the instruction which was refused was covered by the other instructions which were given, and we are of the opinion that when all the instructions given to the jury in this case on behalf of the plaintiff and defendants are taken together and considered as one series they fairly lay down the rules of law applicable to the case, and that the defendants were not injured by the action of the court in the regard complained of.

The plaintiff was injured while riding as a passenger on the defendants' car, and we think the remark contained in the opinion of the Appellate Court filed in this case, that "the evidence was such that there could not well be a verdict other than for the plaintiff and against the defendants," fully justified by the record.

We find no reversible error in this record, and the questions raised by the defendants in their assignment of errors and discussed by them in their original and reply briefs are of so refined and technical a character

and so devoid of merit as to justify this court in holding that this appeal was prosecuted for delay.

The judgment of the Appellate Court will therefore be affirmed, with ten per cent damages.

*Judgment affirmed.*