# Central of Georgia Ry. Co. v. Carlock.

### False Imprisonment.

(Decided May 11, 1916.   Rehearing denied June 30, 1916.
72 South. 261.)

1. **Master and Servant; Tort of Servant; Complaint.**—Where the action was for false imprisonment against a railroad and one of its employees, a count alleging "that defendant's servant acting within his authority, wrongfully arrested and imprisoned plaintiff," is not sufficient, since the definite ascription of the servant's authority is left wholly at large between the two defendants.

2. **Judgment; Requisites.**—An insufficient complaint cannot be made the predicate for a valid judgment.

3. **Master and Servant; Injury to Third Person; Negligence.**—Both the master and the negligent servant may be joined in an action for injuries caused by the servant's negligence.

4. **Same; Trespass by Servant; Parties.**—In an action against a servant for an unauthorized, unaided and unratified trespass, the master cannot be joined as defendant in a single count.

5. **Arrest; Mode.**—An arrest may be made without actual force, or without touching the body; it is sufficient if the party arrested is within the

power of the officer, and submits to arrest even as the result of a verbal command.

**6. Same; Nature.**—An arrest is the taking of the custody of another person for the purpose of holding or detaining him to answer a criminal charge or a civil demand, under real or assumed authority.

**7. False Imprisonment; Nature.**—Detention of a person by another with force, or against the will of the person detained, is an imprisonment in law; and if such detention is not rightful, it is unlawful.

**8. Same; Evidence.**—In an action for false imprisonment the answer of a witness that he thought plaintiff was arrested, is admissible where his subsequent testimony supports such statement.

(Thomas, J., dissenting.)

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by Walter H. Carlock against the Central of Georgia Railway Company, and another, for damages for unlawful arrest. From the judgment for plaintiff, the railroad company appeals. Reversed and remanded.

LONDON & FITTS, for appellant. HARSH, HARSH & HARSH, for appellee.

MCCLELLAN, J.— (1, 2) The appellee instituted this action against the railway Company, a corporation (appellant), and one H. C. Jones. The complaint contained three counts, the first and second charging the wrongful arrest and imprisonment of the plaintiff. The jury's consideration of these counts was forbidden by instructions given at the instance of the railway company. The third count thus appears in the transcript:

"The plaintiff claims of the defendants $25,000, damages, for that, heretofore, to-wit, on the 15th day of April, 1913, defendant's servant or agent, acting within the line and scope of his authority as such, wrongfully arrested and imprisoned plaintiff for a long time, viz., for one day, and, as a proximate consequence thereof, plaintiff suffered the injuries and damages set out in the first count of the complaint."

As readily appears, this count would fix liability, for the damnifying consequences of the wrong charged, under the doctrine of respondeat superior. In order to avail of this doctrine, it was imperative that the pleader make certain, at least to a common intent, in whose services, of the two defendants, the derelict agent or servant was when he committed the wrong for

[Central of Georgia Ry. Co. v. Carlock.]

which recovery was sought. The count, as phrased, left entirely uncertain in whose service, of the two defendants, the derelict agent or servant was engaged when the wrong alleged was inflicted upon the plaintiff. In this state of the averments of the count, no other conclusion is possible under our authorities than that the count failed to state a cause of action; and, being so completely ineffectual, no valid judgment could be predicated of the count.—*Osborne v. Cooper*, 113 Ala. 405, 21 South. 320, 59 Am. St. Rep. 117; *L. & N. R. R. Co. v. Duncan & Orr*, 137 Ala. 446, 453, 455, 34 South. 988, and decisions therein cited. The fact that the latter decision, and others in its line, involved alternatives does not invite a conclusion that would render them inapplicable to the count under consideration. In those cases, the pleader had sought to at least declare, alternatively, upon theories of responsibility; whereas, in the count here in question, the pleader left the essential matter of definite ascription of the agent's authority in the premises wholly at large between two defendants. A judgment by default could not have been validly rendered on the count; for the court could not have known to which of the two defendants the derelict agent's wrong was ascribed by the pleading or was attributable as the basis for liability, under the doctrine of respondeat superior. There is nothing on the face of the count to justify this court in assuming that there was mere clerical error in the use of the singular, instead of the plural, possessive of the word "defendant" in describing and designating the principal or master of the agent or servant to whose conduct the liability was ascribed.

(3-7) Where the tortious conduct or omission relied on for a recovery is alone the result of negligence in the performance of duty on the part of an agent or servant, the principal or master and the derelict agent or servant may be joined as defendants in a single count (*South. Ry. Co. v. Arnold*, 162 Ala. 570, 578, 50 South. 293) ; but where the wrong committed by the representative is a trespass only, and the principal or master did not authorize, aid, abet, or ratify the wrongful act, the agent or servant cannot be made a joint defendant with his principal or master in a single count.—*South. Bell Tel. Co. v. Francis*, 109 Ala. 224, 231, et seq., 19 South. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930, opinion of Justice HEAD; *South. Ry. Co. v. Hanby*, 166 Ala. 641, 52 South. 334. An arrest may be effected without a touching of the body or actual force; it being sufficient if the party is within the power

of the officer and submits thereto, even as the result of verbal command.—*Field v. Ireland,* 21 Ala. 240; *Dougherty v. State,* 106 Ala. 63, 17 South. 393; 2 Rul. Cas. Law, pp. 445, 456; *Bissell v. Gold,* 1 Wend. (N. Y.) 210, 19 Am. Dec. 480, and note; 3 Notes on Am. Dec. p. 754; 5 C. J. pp. 385-387. "An arrest consists in taking, under real or assumed authority, custody of another person for the purpose of holding or detaining him to answer a criminal charge or civil demand."—5 C. J., supra. Detention of a person by another, with force, or against the will of the person detained, is, in law, imprisonment; and, if the detention is not rightful, it is unlawful.—2 Words and Phrases (2d Series) p. 971; *Martin v. Houck,* 141 N. C. 317, 54 S. E. 291, 7 L. R. A. (N. S.) 576. An arrest is an imprisonment.—*Blight v. Meeker,* 7 N. J. Law, 97, 98; *People v. Bancker,* 5 N. Y. 106, 123.

From the evidence, and inferences therefrom, in the bill of exceptions, it is quite clear that the issues whether plaintiff was wrongfully arrested and imprisoned on the occasion in question, and whether Jones, as agent or servant of the railway company, effected the wrongful arrest and imprisonment or participated therein were due to be submitted to the jury for decision.

(8) While there may be instances where a witness' statement that another was arrested, or that he saw another arrested, would be but an opinion or conclusion of the witness, yet it is common knowledge that the act or fact of arrest of one person by another or others is, in most instances, a so readily observable, unequivocal fact or fact as to fully warrant a witness in collecting the elements constituting the single act into a single affirmative statement that an arrest was made. There was no error in overruling the motion to exclude the answer of the witness Vaughn, to the effect that he thought plaintiff was arrested. The subsequent testimony of the witness showed, if credited, that his collective statement was justified by what he saw and heard.

The judgment is reversed and the cause remanded.

Reversed and remanded. All the Justices concur, except THOMAS, J., who dissents.