(86 South. 25)

### CORONA COAL CO. v. HUCKELBEY.
### (6 Div. 27.)

(Supreme Court of Alabama. June 30, 1920.)

**1. Pleading ⬤⟳62—Count designating several defendants in singular insufficient.**

A count in an action for damages for personal injuries, "The plaintiff claims of the defendants B. and C. the sum of $2,500 as damages for that heretofore * * * the said defendant was operating a coal mine," etc., was insufficient; it not appearing which defendant was operating the coal mine.

**2. Appeal and error ⬤⟳1170(3)—Affirmative charge for one defendant held not to work amendment of pleading as to other.**

Where a count in a negligence case was insufficient, in that it did not specify which of two defendants owned a certain plant, the action of the court in giving the affirmative charge as to one of the defendants did not constitute an amendment of the count so as to save the cause from reversal, and this regardless of Supreme Court rule 45 (175 Ala. xxi, 61 South. ix).

Gardner, J., dissenting.

Appeal from Circuit Court, Walker County; C. P. Almon, Judge.

Action by Jeff Huckelbey against the Corona Coal Company and another, for damages for personal injury. From judgment for plaintiff, the named defendant appeals. Reversed and remanded.

The cause was tried upon count A, and the general issue joined thereon. Omitting averments which are not material here, count A is as follows:

"The plaintiff claims of the defendants, Birmingham Fuel & Iron Company, a corporation, and Corona Coal Company, a corporation, the

sum of $25,000 as damages for that heretofore, to wit, on March 1, 1919, the said defendant was operating a coal mine at or near Carbon Hill, in Walker county, Ala.; that in and about the operation of said coal mine and in connection therewith the defendant used and operated a stationary boiler which had attached thereto and as a part thereof a blow-off pipe; that on said date the plaintiff was in the employment of said defendant at said mine as a stationary fireman, and while engaged in his duties as such he was greatly injured by steam escaping from said boiler. [Here follows description of injuries, etc.]

"Plaintiff avers that he received his said injuries and damages as a proximate result of a defect in the condition of the ways, works, machinery, or plant used in connection with the said business of the defendant, which defect arose from or had not been discovered or remedied owing to the negligence of the defendant or some person in the service of the defendant and intrusted by it with the duty of seeing that the ways, works, machinery, or plant were in proper condition, the said defect consisting in this, namely, said blow-off pipe attached to and used as a part of said boiler was defective."

Demurrer was assigned to this count on the ground that it stated no cause of action, and no breach of duty owing by defendants to complainant is shown; it is not shown that defendants committed any actionable negligence; it is not alleged that plaintiff was injured by reason of any defect in the condition of the ways, works, machinery, or plant of defendants, or connected with or used in the business of defendants, among other grounds. The demurrer was overruled.

The affirmative charge was given for the defendant Birmingham Fuel & Iron Company, and there was judgment for the plaintiff against Corona Coal Company, from which that defendant prosecutes this appeal.

A. F. Fite, of Jasper, for appellant.

Count A did not state a cause of action, and would not support the verdict, and the court erred in overruling appellant's motion for judgment notwithstanding the verdict. 196 Ala. 659, 72 South. 261; 114 Ala. 487, 21 South. 467; 140 Mich. 299, 103 N. W. 620.

Lacy, Lacy & Shepherd, of Jasper, for appellee.

Count A was sufficient before amendment. 151 Ala. 272, 44 South. 96; 159 Ala. 4, 48 South. 791, 17 Ann. Cas. 623; 180 Ala. 367, 61 South. 65. After amendment it certainly stated the cause of action. 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; 178 Ala. 554, 59 South. 498; 60 South. 592.

PER CURIAM. The cause of action was tried upon count A only, the material averments of which appear in the statement of the case. This count seeks recovery against two defendant corporations under the Em-

ployers' Liability Act (Code 1907, § 3910), but reference throughout is made to the defendant in the singular. As framed, the count is entirely uncertain in whose service—which of these two defendants—the plaintiff was at the time of the injury, or which defendant was in fact operating the mine.

[1] We are of the opinion this count must be held insufficient, and the demurrer taking the point should have been sustained. Cent. of Ga. R. R. Co. v. Carlock, 196 Ala. 659, 72 South. 261.

[2] The insistence is further made that count A was amended before the cause was submitted to the jury by the action of the court in giving the affirmative charge at the request of the Birmingham Fuel & Iron Company, but it is not insisted that in fact there was any amendment of count A as a matter of pleading. We hardly see how this action of the court could cure the defects in this count, which names two defendants without designating which of the two operated the mine or employed the plaintiff, or whose agent was negligent.

Appeal is made to rule 45 (175 Ala. xxi, 61 South. ix), and to some of our cases giving it application, but the court is of opinion the rule, under the circumstances here disclosed, cannot save the cause from reversal. The court is therefore of the opinion that the judgment should be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, THOMAS, and BROWN, JJ., concur.

GARDNER, J. (dissenting). It is to be noted that the count upon which the cause was tried sought recovery against two named defendants, and used the expression, "the plaintiff claims of the defendants," the latter word being in the plural as noted. Subsequent reference, however, is had to the defendants in the singular, as defendant, and for this reason counsel insist that the complaint failed to show which defendant was operating the mine, or by which defendant the plaintiff was employed; and, further, that the complaint fails to state a cause of action. In 18 Corpus Juris, 460, is found the following, under the headnote "defendant":

"The word may be used as a collective noun and will include all parties defendant."

The case of West Chicago Ry. Co. v. Horne, 197 Ill. 250, 64 N. E. 331, is among those cited in the note, and the one here more nearly in point, though the verdict and judgment were there being considered. See, also, Clagget v. Blanchard, 8 Dana (Ky.) 41; Bacon v. Schepflin, 185 Ill. 122, 56 N. E. 1123; Words and

Phrases, vol. 2, pp. 1936, 1937; Grove v. Swartz, 45 Md. 227.

The foregoing principle was recognized by this court in Grayham v. Roberds, 7 Ala. 719, where the following expression is found:

"The use of the word 'defendants,' instead of the singular, defendant, according to repeated decisions, will be treated as a mere clerical mistake, upon the principle that whenever it is apparent that the plural was unintentionally substituted for the singular, or vice versa, it shall not affect the regularity of the judgment."

See, also, Ashby Brick Co. v. Ely & Walker, 151 Ala. 272, 44 South. 96.

While the rule requires that the pleading should be construed most strongly against the pleader, yet at the same time it should be given a reasonable construction in the light of common sense and everyday usage. So construing this complaint, I am of opinion that, in the light of the foregoing authorities, the omission of the letter "s" should be treated as a mere clerical error, and the word "defendant" be construed as a collective noun, as including both defendants.

I am inclined to the view that the Carlock Case, cited by the majority, is distinguishable from the instant case, but, in any event, am thoroughly persuaded of the correctness of the view here expressed, and must therefore respectfully dissent.