### McKINLEY et al. v. CAMPBELL.
(6 Div. 814.)

Supreme Court of Alabama.   Oct. 13, 1927.

Rehearing Denied Jan. 12, 1928.

**1. Pleading ⬩46—Complaint naming partnership, corporation, and person as defendants, but alleging injury was caused by "defendant" or agent, failed to state cause of action.**

Where the complaint in a negligence action designated as defendants a partnership, a corporation, and a person, but alleged that the injury was caused by the "defendant" or an agent of "defendant," it failed to state a cause of action upon which a valid judgment could be predicated.

**2. Trial ⬩110—Court could not restrict right to be heard by denying to one of defendant's attorneys right to object to evidence (Const. 1901, § 10).**

By virtue of Const. 1901, § 10, parties to an action have the right to be heard by counsel, and the court could not restrict such right by denying to one of defendant's attorneys the right to object to evidence offered by the plaintiff, although an associate counsel was or had been conducting the examination of witnesses.

On Rehearing.

**3. Trial ⬩110 — Rule restricting examination of witness to one attorney, being for witness' protection, does not preclude associate attorney from objecting to adversary's evidence (rule 18 [4 Code 1923, p. 901]).**

Court rule 18 (4 Code 1923, p. 901), restricting the examination of a witness to one attorney, does not preclude an associate attorney, who has not been conducting the examination of witnesses, from objecting to evidence offered by the adversary; the rule being for the protection of witnesses under examination.

**4. Trial ⬩110 — Rule restricting witnesses' examination to one of counsel means that examination of particular witness, begun by one, cannot be shifted without court's permission (rule 18 [4 Code 1923, p. 901]).**

Rule 18 (4 Code 1923, p. 901), restricting examination of a witness to one of counsel, means that, when one of counsel has begun the examination of any particular witness, not of the witnesses as a whole, he must conduct the entire examination, without shifting it to another, unless the trial court permits otherwise.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action for damages by Thomas Campbell against D. E. McKinley & Bro. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Mullins & Jenkins, of Birmingham, for appellants.

A complaint which, by use of the singular, leaves it uncertain as to which of two or more defendants is charged with wrong, is fatally defective, and will not support a judgment. Corona Coal Co. v. Huckelbey, 204 Ala. 508, 86 So. 25; Central of Ga. v. Carlock, 196 Ala. 659, 72 So. 261. It was reversible error for the trial court to refuse to allow one of defendants' counsel to object to a question of evidence. Const. 1901, § 10; Brown v. Mobile Elec. Co., 207 Ala. 61, 91 So. 802; Moulton v. State, 199 Ala. 411, 74 So. 454.

Black & Fort, of Birmingham, for appellee.

On trial, only one counsel on each side shall examine a witness. This applies to making objections. Rule 18, 4 Code 1923, p. 901. Counsel discuss other questions but without citing additional authorities.

SOMERVILLE, J.   This is an action for damages growing out of an automobile collision.

The defendants in the original complaint were D. E. McKinley & Bro., a partnership, D. E. McKinley & Bro., a corporation, D. R. McKinley, doing business as D. E. McKinley & Bro., and D. R. McKinley, individually. By amendment, D. E. McKinley & Bro., a corporation, was stricken from the complaint.

[1] The complaint claims damages of "the defendant," avers that plaintiff's automobile was struck, etc., by the automobile truck of the defendant, and avers, further, that the injuries and damage suffered were caused "by the negligence of the defendant, or a servant, agent, or employee of the defendant, acting within the line and scope of his authority and employment as such." There is no reference anywhere to "defendants."

In Central of Georgia Ry. Co. v. Carlock, 196 Ala. 659, 661, 72 So. 261, 262, passing upon the sufficiency of a similar complaint, this court said:

"It was imperative that the pleader make certain, at least to a common intent, in whose services, of the two defendants, the derelict agent or servant was when he committed the wrong for which recovery was sought. The count, as phrased, left entirely uncertain in whose service, of the two defendants, the dere-

·lict agent or servant was engaged when the wrong alleged was inflicted upon the plaintiff. In this state of the averments of the count, no other conclusion is possible under our authorities than that the count failed to state a 'valid' cause of action; and, being so completely ineffectual, no valid judgment could be predicated of the count. Osborne v. Cooper, 113 Ala. 405, 21 So. 320, 59 Am. St. Rep. 117; L. & N. R. R. Co. v. Duncan & Orr, 137 Ala. 446, 453, 455, 34 So. 988, and decisions therein cited."

The Carlock Case was afterwards followed in Corona Coal Co. v. Huckelbey, 204 Ala. 508, 86 So. 25.

The instant case is clearly governed by those decisions, from which, under the rule of stare decisis, we do not venture to depart. The demurrer to the count should have been sustained, and was erroneously overruled.

[2] The trial judge was in error in denying to one of defendants' counsel the right to make objections to evidence offered by plaintiff. The fact that an associate counsel was or had been conducting the examination of witnesses on behalf of defendants furnished no reason for such a denial. Parties have a constitutional right to be heard by counsel (Ala. Constitution of 1901, § 10), and this right cannot be restricted to representation by a single individual. The Legislature and the court itself may of course impose reasonable regulations upon the cumulative functioning of counsel in the conduct of a trial, but cannot properly suppress the timely and appropriate action of any individual counsel acting alone—without duplication—in the particular matter.

Several other matters complained of will scarcely recur on another trial, and need not be noticed.

For the errors noted, the judgment will be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

## On Rehearing.

SOMERVILLE, J.    [3, 4] In affirming the right of an associated attorney to object to adversary evidence, notwithstanding the fact that another attorney of counsel has been conducting the *examination* of the witnesses, we were not forgetful of the long-established rule of practice (rule 18, Code 1923, vol. 4, p. 901) that, "on trial, only one counsel on each side shall examine a witness." We did not refer to that rule, because it has no bearing whatever on the question in hand—obviously not. The rule is evidently intended primarily for the protection of the witness, and means merely that, when one of counsel begins the examination of "a witness," not of the witnesses as a whole, that member only must conduct the examination of that particular

witness, unless the trial court permits otherwise. It has nothing to do with *objections* to evidence, as to which neither delay, nor confusion, nor disorder, nor inconvenience, can result from the rule we have affirmed with respect to the qualified right of counsel.

For these reasons, the application for rehearing will be overruled.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.