179 So. 228

**EVANS v. TOWN OF MUSCLE SHOALS et al.**

**8 Div. 783.**

Supreme Court of Alabama.

Feb. 10, 1938.

W. L. Chenault, of Russellville, for appellant.

W. L. Almon, of Florence, and C. E. Carmichael, of Tuscumbia, for appellees.

BROWN, Justice.

This is an action of assumpsit by the appellant against "The Town of Muscle Shoals, Inc., and Muscle Shoals, Alabama, Incorporated, a Municipal Corporation."

The original complaint was against the first named corporation, and the complaint was amended "by adding as one of the defendants, the last named corporation."

The "defendants" demurred to the complaint on numerous grounds, the demurrer was sustained; in consequence, the plaintiff suffered a nonsuit and appealed as authorized by section 6431 of the Code 1923.

The first and third counts of the complaint declare on a contract made by the "defendant" without showing which of the defendants made the contract. The demurrer pointed out this defect and was properly sustained to said counts. Corona Coal Co. v. Huckelbey, 204 Ala. 508, 86 So. 25.

The second count declares on a contract made by the defendants, averring: "That on the 27th. day of October, 1932, plaintiff was employed by the Defendants as City Engineer, upon a fee basis, said appointment beginning October 27, 1932, and

**326**

expiring two years after date * * * the Defendants breached their said *appointment*, employment and agreement by refusing to permit the plaintiff to continue his duties as said Engineer and employing another City Engineer to take over his duties." (Italics supplied).

The compensation to be paid or allowed is not stated otherwise than that the employment was *"on a fee basis,"* and the demurrer points out this defect.

■ While it is well settled that a contract may be pleaded by stating its substance and legal effect, or in haec verba, nevertheless, the rules of good pleading require that all of its material elements should be stated with certainty to a common intent. Elmore, Quillian & Co. v. Parrish Bros., 170 Ala. 499, 54 So. 203; Federal Land Bank of New Orleans v. Mulkey, 228 Ala. 500, 153 So. 775; Pearson v. Van Antwerp Realty Corporation, 231 Ala. 315, 164 So. 729.

■ Our conclusion is that the averment that plaintiff was appointed or employed "on a fee basis" is too indefinite to advise the defendants or the court as to the basis of compensation contemplated by the parties, and that the demurrer was well taken.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.