198 So. 128
**McKELVEY–COATS FURNITURE CO.**
**v. DOE et al.**
**6 Div. 703.**

Supreme Court of Alabama.
Oct. 10, 1940.

Caesar B. Powell, of Birmingham, for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellees.

BOULDIN, Justice.

We have two statutes, new to the Code of 1923.

Section 5709, in the Chapter on Actions and Parties, reads: *"Suing a party by a fictitious name, when allowed.*—When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly."

Section 9515, in the article on Amendment of Pleadings, reads: *"Name of defendant.*—When the plaintiff is ignorant of the name of the defendant, such defendant may be designated in any pleading or proceeding by any name; and when his true name is discovered, the pleading or proceeding may be amended accordingly, either before or after service of the summons." .

These statutes clearly have a common purpose. So far as their provisions vary, good practice calls for compliance with both.

In Roth v. Scruggs et al., 214 Ala. 32, 106 So. 182, a case in which we held Section 9515 had no application, we took occasion to observe its purpose; and, while intended primarily for cases in which the name of defendant was unknown, it is an emergency statute, and includes cases in which neither the name nor the identity of defendant is known, as where the cause of action only is known, but the party liable is not, and there is need for immediate seizure of property by attachment or other appropriate writ; or there is urgent need to get service at same time identity and name are ascertained.

In any event a complaint is sufficient which follows the terms of Section 5709; avers that the name of defendant is to plaintiff unknown, and his true name will be disclosed by amendment, when ascertained.

As said in Roth v. Scruggs, supra, it is good practice to aver any descriptive matter known to plaintiff tending to identify the party sued as an aid to the officer in the service of the summons. Otherwise, the plaintiff should aid in perfecting service on the proper party.

Appellant brought suit in detinue in the Municipal Court of Birmingham, Third Division, to recover an electric refrigerator.

Defendant was designated in the summons: "John Doe, whose name is to the plaintiff otherwise unknown, but will be inserted by way of amendment when ascertained."

On making affidavit and executing detinue bond a writ of seizure was is-

sued on same date summons issued. The record discloses a return of the officer of same date, saying: "Ret. for Alias. Order of Court."

On the following day, a summons and complaint styled, "Alias complaint and writ of detinue" was issued designating. defendant "Mary Roe, whose name is to the Plaintiff otherwise unknown, but will be inserted by way of amendment when ascertained." On same date a second writ of seizure was issued. On the following day the officer made his return showing service on "Mary Roe, whose name is to the plaintiff otherwise unknown, but will be inserted by way of amendment when ascertained alias Cassie Dill." This return also showed seizure of the property sued for.

Twenty days after this return, plaintiff filed an amendment in these words: "Comes the Plaintiff in the above styled cause and amends the Complaint heretofore filed in said cause by substituting in lieu of the words 'Mary Roe, whose name is to the Plaintiff otherwise unknown but will be inserted by way of amendment when ascertained' wherever said words appear in said Complaint, the names 'Cassie Dill' and 'D. G. Ewing' and by making the said 'Cassie Dill' and 'D. G. Ewing' parties defendant in this cause."

On same date a copy of this amendment was served on D. G. Ewing.

On same date both defendants appeared and filed objections to the allowance of such amendment on the ground of entire change of parties.

D. G. Ewing at same time filed motion to strike the amendment on like grounds. These objections and motion were overruled. Thereupon, a motion for discontinuance was filed presenting the same ground. Plaintiff, on same date, filed another amendment, reading: "Comes the plaintiff in this cause and amends its complaint heretofore filed in this cause ·by substituting as a party defendant the name 'D. G. Ewing' in lieu of the words 'John Doe,' whose name is otherwise unknown but will be inserted by way of amendment when ascertained."

The Municipal Court granted the motion for discontinuance, and dismissed the cause.

Plaintiff appealed to the Circuit Court.

The motion for discontinuance was renewed in that court and granted. The present appeal is to review this ruling.

■ If during the progress of a suit the plaintiff so amends as to bring in a new party or parties, and to strike out· the party or parties originally sued, thus working an entire change of parties defendant, not allowable under our liberal rules, a motion for discontinuance is a recognized remedy. Rarden Mercantile Co. v. Whiteside, 145 Ala. 617, 39 So. 576; Copeland v. Dixie Const. Co., 216 Ala. 257, 113 So. 82.

Looking at the entire record, which we have substantially set out, the trial court was justified in the conclusion that the original defendant was known or believed to be a man, and finding the property was in the possession of a woman, the "alias" was sued out to so indicate. This amendment, styled an alias being served and the original returned, without service, suggests a purpose to proceed against the party brought in by amendment alone.

If this were all, the ruling on motion for discontinuance would probably be correct.

■ But it was the right of plaintiff to further amend. This was done by bringing in Cassie Dill and D. G. Ewing as parties defendant, with averments they were the parties sued by fictitious names in the original and amended complaints. One of these amendments was sustained against the motions of both defendants, as above noted. The last amendment was unchallenged so far as the record shows. Two or more persons may be connected with the wrongful detention of chattels.

■ There can be no discontinuance because of complete change of party defendant, striking out the original and bringing a new party, if both parties are still in the case as parties defendant. This is obvious.

■ True, in such case, there can be no recovery unless the ·evidence warrants a judgment against the original defendant. The case cannot begin against one defendant, and end with a judgment solely against a new party, without the latter's consent. Roth v. Scruggs, supra. This situation does not arise until the evidence is in, if plaintiff contends both are liable.

Reversed and remanded.

GARDNER, C. J., ·and FOSTER and LIVINGSTON, JJ., concur.