48 So.2d 316

**EAST et al. v. TINGLEY.**
**6 Div. 58.**

Supreme Court of Alabama.
Oct. 19, 1950.

D. G. Ewing and Earl McBee, of Birmingham, for appellants.

Jas. W. Aird, of Birmingham, for appellee.

STAKELY, Justice.

This is a suit in unlawful detainer, § 967, Title 7, Code of 1940, instituted by Elva Eunice Tingley (appellee) against J. C. East and Mrs. J. C. East (appellants). The complaint consisted of two counts, the first count being unnumbered and the second count being designated as Count A. These two counts will appear in the report of the case. Each defendant demurred separately to each count and separately and severally to each count assigned the following grounds.

"1. The same fails to state a cause of action against this defendant.

"2. The same fails to state with which of the defendants said demise was entered into by the defendant."

The court overruled the demurrers. Upon trial of the cause a judgment was entered against each of the defendants for

possession of the property described in the complaint and $92.50 damages for the detention thereof. From the foregoing judgment both of the defendants have brought this appeal upon the record alone.

In the form of complaint provided for unlawful detainer, Form 29, § 223, Title 7, Code of 1940, the word "demise" is used. Both counts follow this form. Under § 967, Title 7, Code of 1940, the action of unlawful detainer is limited to those occupying the relationship of landlord and tenant or those succeeding to their possessory relation. Jordan v. Sumners, 222 Ala. 314, 132 So. 427; Brown v. Beatty, 76 Ala. 250. So the word demise is limited to grants which imply the relationship of landlord and tenant.

Under the authorities in this state the allegations of neither count are sufficient against the demurrer thereto. An unlawful detainer is based upon a demise and where there is no demise there can be no unlawful detainer. Sandlin v. Anders, 205 Ala. 453, 88 So. 560. It is not only necessary that a demise be alleged but it is equally necessary for the count to show which party entered into possession of the property under the demise. It is obvious that each count fails to meet this requirement. Neither count alleged with sufficient certainty the identity of the tenant or the identity of the person who entered the premises under a demise with the plaintiff. For this failure neither count stated a cause of action. McKinley v. Campbell, 217 Ala. 139, 115 So. 98; Central of Georgia Railway Co. v. Carlock, 196 Ala. 659, 72 So. 261; Corona Coal Co. v. Huckelbey, 204 Ala. 508, 86 So. 25; Evans v. Town of Muscle Shoals, 235 Ala. 325, 179 So. 228; Russell v. The Praetorians, 248 Ala. 576, 28 So.2d 786.

Furthermore Supreme Court Rule 45, Code 1940, Tit. 7 Appendix, cannot save the cause from reversal. Corona Coal Co. v. Huckelbey, supra.

Reversed and remanded.

BROWN, LIVINGSTON and SIMPSON, JJ., concur.