91 So.2d 229

**H. E. SARBER et al.**

v.

**T. R. HOLLON, as father of Bryant Hollon, a minor.**

**3 Div. 770.**

Supreme Court of Alabama.

Nov. 29, 1956.

Thos. F. Parker and J. O. Sentell, Jr., Montgomery, for appellants.

Glen T. Bashore, Clanton, and W. Clarence Atkeison, Prattville, for appellee.

## PER CURIAM.

This is an appeal by H. E. Sarber and Willie Looney Messer, who were defendants in a suit for damages by plaintiff (appellee) suing as the father of Bryant Hollon, a minor, for injuries caused to him by Messer while acting in the line and scope of his authority as the agent, servant or employee "of the defendants"; the complaint alleging that he so negligently operated "defendant's truck," etc. See section 118, Title 7, Code.

The suit was tried on counts 4 and 5. They named as defendants "H. E. Sarber, Willie Looney Messer, John Doe, Richard Roe, A. B. Partnership and XYZ Corporation, whose names are unknown and will be added by amendment when ascertained." Service was had on Sarber and Messer. There was no amendment supplying the name of a partnership alleged to be represented by John Doe and Richard Roe as A. B. Partnership, nor the name of the corporation alleged to be the XYZ Corporation. No notice was taken apparently of the fictitious names in the progress of the trial. Sarber and Messer separately and severally demurred to counts 4 and 5. The demurrer was overruled. Thereupon the "defendant" came by counsel and pleaded in short by consent in the usual form. There were a jury and verdict and judgment for the plaintiff against "defendants". Those named defendants separately and severally moved for a new trial on stated grounds. The motion was overruled, to which exception was taken.

Appellants argue that neither count 4 or 5 states a cause of action for the reason which we will discuss, and on account of which the demurrer is directed. The demurrer asserts grounds which are in the main general in their nature. A ground of demurrer that the complaint sets forth no cause of action is to that extent a general demurrer not authorized by section 236, Title 7, Code. United States Health and Accident Ins. Co. v. Goin, 197 Ala. 584, 73 So. 117; Alabama Power Co. v. Curry, 228 Ala. 444, 153 So. 634. We do not find a specific ground which properly points out that defect. Therefore, error cannot be predicated on overruling the demurrer insofar as that claim is concerned. But if those counts do not state a cause of action the court should have given the charges to the jury as requested by "defendant".

The particular which appellants claim renders counts 4 and 5 defective is that they each allege that "the defendant, Willie Looney Messer, the agent, servant or employee of the defendants, while acting within the line and scope of his employment so negligently" (count 4) or (in count 5 so wantonly) "operated the defendant's (sic) truck that it was caused to run into, upon or against the bicycle which said Bryant Hollon was then riding", etc. The argument is that the complaint is uncertain in alleging or identifying the particular defendant who was Messer's employer. Messer is a defendant. The allegation is that he was the "agent, servant or employee of the defendants". That means all the defendants, of whom Messer was one, and therefore that Messer was the agent, etc., of both Sarber and Messer. In construing the sufficiency of the complaint to state a cause of action, we must also note the allegations that John Doe and Richard Roe, A. B. Partnership and XYZ Corporation, whose names are alleged to be otherwise unknown, but will be added by amendment, are made parties. We suppose those allegations are based on section 136, Title 7, Code, which authorizes that procedure. That statute has been construed primarily "for cases in which the.

name of defendant was unknown (also) it is an emergency statute, and includes cases which neither the name nor the identity of defendant is known, as where the cause of action only is known, but the party liable is not, and there is need for immediate seizure of property", etc. It is also noted that such description authorizes an amendment giving the true name. McKelvey-Coats Furniture Co. v. Doe, 240 Ala. 135, 198 So. 128; Roth v. Scruggs, 214 Ala. 32, 106 So. 182.

In the instant case there was no amendment with respect to the real persons designated as John Doe and Richard Roe, nor the A. B. Partnership, nor the XYZ Corporation. But the complaint offered to give their true names later. The sufficiency of the complaint may be treated as having such persons parties defendant for the purpose of construing it as contended. We repeat, the allegation is that defendant Messer, "the agent, servant or employee of defendants, operated defendant's truck", etc. Whose agent was he? Whose truck was it?

In the case of Central of Georgia R. Co. v. Carlock, 196 Ala. 659, 72 So. 261, the allegation in the complaint was "that 'defendant's' servant, acting within his authority, wrongfully arrested and imprisoned plaintiff". There were two defendants. The court held that the complaint stated no cause of action, and no valid judgment could be predicated on the count because "the court could not have known to which of the two defendants the derelict agent's wrong was ascribed by the pleading or was attributable as the basis for liability, under the doctrine of respondeat superior".

In the case of Corona Coal Co. v. Huckelbey, 204 Ala. 508, 86 So. 25, 26, the suit was by Huckelbey against Corona Coal Company and another. The complaint was for the negligence of the defendant or some person in the service of defendant. The court referred to the existence of two defendants but the complaint throughout referred to the defendant in the singular, and stated that "as framed, the count is en-tirely uncertain in whose service—which of these two defendants—the plaintiff was at the time of the injury, or which defendant was in fact operating the mine".

In the case of McKinley v. Campbell, 217 Ala. 139, 115 So. 98, the defendants were a named partnership, a named corporation, and a named individual doing business as said partnership, and the named person individually. By amendment the name of the corporation was stricken. That left as defendants the partnership and the individual doing business as such partnership. The complaint alleged that the defendant caused the damage, or that it was caused by "a servant, agent, or employee of the *defendant*". On the authority of Central of Georgia R. Co. v. Carlock and Corona Coal Co. v. Huckelbey, supra, the court held that the question was stare decisis, and that a demurrer to the complaint should have been sustained.

We have found no authority more directly in point, and we are not at liberty to set aside a principle so well established even if we were disposed to do so. The singular and plural are used interchangeably in the instant case. The statute, section 1, Title 1, Code, refers to the singular and plural as used in the Code. The above cited cases do not refer to that statute. But it cannot be said whether the singular or plural is here intended. If the singular, it is indefinite as to which one of the defendants was intended. If the plural, it would mean that the defendant Messer was acting for himself as one of his principals. My own feeling is that this is a technicality which serves no useful purpose. That theory was advanced by Justice Gardner in a dissent in Corona Coal Co. v. Huckelbey, supra, but all the other justices stood by Central of Georgia R. Co. v. Carlock, supra. There was no dissent in the McKinley case, supra, but it was acted on by a division of the court in which Justice Gardner did not participate.

■ Applying the principle stated in those cases, as we must, we think neither

count 4 nor 5 states a cause of action, and the requested charges should have been given.

■■ We also observe, as was noted in the Carlock case, supra, that the principal and agent may be jointly charged in a count in *case* alleging negligence of the agent, in which the principal did not otherwise participate. But that is not true when the count charges that the damages resulted from a *trespass* committed by the agent (such as an intentional or wanton injury). Such a count means that when a trespass by the agent is alleged and both the principal and agent are sued, the cause of action against the principal is in *case,* and against the agent is in *trespass,* and they cannot be joined in the same count. We have a long line of decisions to that effect. Sibley v. Odum, 257 Ala. 292, 58 So. 2d 896; Central of Georgia R. Co. v. Carlock, supra; Louisville & Nashville R. Co. v. Abernathy, 197 Ala. 512(7), 73 So. 103; Southern Ry. Co. v. Hanby, 166 Ala. 641, 52 So. 334; Southern Bell Tel. Co. v. Francis, 109 Ala. 224, on rehearing p. 231 et seq., 19 So. 1, 3, 31 L.R.A. 193.

But we are cited to the Act approved October 9, 1947 (section 138 [1], Title 7, pocket part, Code), which undertakes to change the effect of such a count. In some cases on appeal, there has been a strong contention that the statute, as so applied, is violative of the Constitution in respects not necessary to analyze in this case. Sibley v. Odum, 257 Ala. 292, 58 So.2d 896; Acton v. Browne, 262 Ala. 615, 80 So.2d 643. We shall defer that question until it becomes necessary to pass on it.

Attention is called to the feature of the court's oral charge in which the trial judge instructed the jury that punitive damages may be assessed in their discretion if they find for plaintiff under count 5 of the complaint—the wanton count. There was no exception to this feature of the charge. But it is insisted that the motion for a new trial should have been granted on account of the excessive amount of damages awarded, and that the jury must have added an amount for such punitive damages.

■■ The evidence shows that the boy was twelve years of age when injured; that he did not live with his father, the plaintiff, but had been living with his grandfather for nine years at the time of the accident. The actual amount expended or incurred by the father on account of such injuries was $1,153.76. There is no evidence that plaintiff had been receiving the benefit of the boy's services or would do so in the future, or an estimate of their value, or of the value of plaintiff's services while nursing the boy on account of such injuries, or that any such service was rendered. See Sloss-Sheffield Steel & Iron Co. v. Vinzant, 153 Ala. 212, 44 So. 1015; Birmingham Ry., Light & Power Co. v. Chastain, 158 Ala. 421, 48 So. 85. No recovery can be had for the loss of the child's society, Birmingham Ry., Light & Power Co. v. Baker, 161 Ala. 135, 49 So. 755; nor for punitive damages. Bube v. Birmingham Ry., Light & Power Co., 140 Ala. 276, 37 So. 285. It is apparent therefore that a verdict for $5,000 in favor of the father under section 118, Title 7, Code, was substantially excessive. But it is not appropriate to reduce the amount of it under section 811, Title 7, Code, since the judgment is being reversed for another cause. Therefore, that statute and the case of Hudson v. Stripling, 261 Ala. 180, 73 So.2d 521, do not apply.

The other assignments of error argued by appellants do not seem to need treatment. It is sufficient to say that, except as herein pointed out, both counts 4 and 5 sufficiently charge negligence in one and wantonness in the other. Caruth v. Sparkman, 226 Ala. 594, 147 So. 884.

For the errors indicated, the judgment should be reversed and the cause remanded.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of

**328**

the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.