285 So.2d 101

In re Gaston Leroy HUDSON

v.

COFFEE COUNTY et al.

Ex parte Gaston Leroy Hudson.

SC 368.

Supreme Court of Alabama.

Nov. 8, 1973.

Francis H. Hare, Birmingham, for petitioner.

Cassady & Fuller, Rowe, Lane & Rowe, Enterprise, G. A. Lindsey, Elba, for respondents.

HARWOOD, Justice.

This is a mandamus proceeding. The petitioner sought an order to direct the Honorable Riley Green, as Judge of the Circuit Court of Coffee County, Alabama, Elba Division, to expunge an order by which the respondent judge set aside an amendment to a complaint.

This court issued a rule nisi to Judge Green, and he has now filed his answer.

It appears from the record before us that Gaston Leroy Hudson filed a complaint in which multiple defendants were designated in the caption of the complaint.

The single count of the complaint claimed $1,000,000.00 of the *defendants* for that on to-wit, 19 January 1972, at a place described, the *defendants* were in charge of a truck, sometimes known as a "low boy" on which a bulldozer was being moved; which said equipment was in charge of the *defendants*; that the plaintiff was on property with the consent of the owner observing the movements of the bulldozer then being moved on the truck, and that on said occasion the *defendant* negligently caused or allowed said equipment or said truck of which *they* were in charge to be operated in such a fashion that as a proximate consequence thereof said truck struck the plaintiff causing certain injuries (which were catalogued); it was further averred that on the occasion of the incident the *defendants* were then and there engaged in a proprietary function, etc.; the count also asserted that the plaintiff had filed on 14 July 1972, a claim which was attached to the complaint as Exhibit A.

Exhibit A is a copy of a claim filed by the plaintiff in the Commissioners Court of Coffee County, Alabama, to comply with the provisions of Section 115, Title 12, et seq., Code of Alabama 1940, pertaining to filing claims against a county, setting forth the cause and nature of his injuries. The claim is styled "Gaston Leroy Hudson, plaintiff," and the defendants, so called in the claim, are the same as those listed in the caption of the complaint in this suit. In this claim the parties designated as *defendants* in the caption of the claim are referred to throughout the claim as *defendants, or parties,* i. e., in the plural.

The defendants appearing specially in the suit below filed pleas in abatement, and the plaintiff filed a motion to strike such pleas. This matter was set for hearing on 6 February 1973.

At this hearing it was called to the attention of counsel for plaintiff that the letter "s" was omitted from the word "defendant" in that phrase of the count which asserted:

"The defendant negligently caused or negligently allowed said equipment or said truck of which they were in charge or control, as aforesaid, * * *"

Counsel for the plaintiff thereupon in open court amended said count by adding an "s" to the word "defendant." This being done, counsel for the defendants filed a motion to strike the amendment, asserting among other grounds that the complaint showed on its face that the alleged injury of the plaintiff occurred on 19 January 1972, and that the amendment was attempted on 6 February 1973, more than one year after the occurrence complained of; that the original complaint failed to state a cause of action, and the attempted amendment stated a new cause of action which was barred by the statute of limitation of one year.

On 30 March 1973, the court granted the motion to strike the amendment, that is, the letter "s" as above mentioned, and on 10 April 1973, sustained the defendants demurrers to the complaint.

After this ruling the plaintiff filed this petition for a writ of mandamus.

In his answer the respondent, Judge Green, averred that it was his conclusion that the complaint as originally filed failed to state a cause of action; it would not support a valid judgment; no default judgment could be entered thereon; and if a verdict should be returned thereon the *defendant* would be entitled to a judgment non obstante veredicto. It was further the respondent's conclusion that the amendment created a new cause from that originally attempted to be charged in the complaint, and therefore could not relate back to the commencement of the suit. The answer further avers that the statute of limitations had run, and the demurrer to the complaint was properly sustained. The answer also avers that the amendment having

wrought a new and different cause of action, the provisions of Section 239, Title 7, Code of Alabama 1940, are not applicable.

Section 239, Title 7, Code of Alabama 1940, reads:

"The court must, whilst the cause is in progress, amend all and every such imperfection and defect of form, on motion of the party, without costs and without delay, unless injustice will thereby be done to the opposite party, and must permit the amendment of the complaint by striking out or adding new parties plaintiff, or by striking out or adding new counts or statements of the cause of action, which could have been included in the original complaint or plea, and such amendment shall relate back to the commencement of the suit, and it shall not be held that such new counts or statements of the cause of action relate to new or other causes of action, so long as they refer to the same transaction, property and title and parties as the original, and where this is not apparent on the averments of the pleading, it shall be a question of fact for the jury. But the court shall have the right to refuse the allowance of any amendment to the complaint after the conclusion of the argument, when in its judgment the completion of the trial of the cause would be unreasonably delayed, or when in its judgment injustice would result."

We are not in accord with the conclusions of the respondent as stated in his answer.

In the summons the names of all of the defendants were set forth. Likewise, in the caption to the complaint all of the defendants are named.

In the count as originally drawn the plural "defendants" was used in stating that the plaintiff claimed of the *defendants,* etc., and that "the *defendants* were in charge" of a truck, and that said equipment was in charge and control of the *"defendants."* Following these averments us-

ing the plural of the word "defendants" it was set forth:

"* * * and that on said occasion and at said location the *defendant* negligently caused or negligently allowed said equipment or said truck of which *they were* in charge or control, as aforesaid, to be operated * * *" (Emphasis supplied.)

After this averment, there is yet another averment in which it is stated that:

"* * * on the occasion of the incident referred to herein the *defendants* were then and there engaged in a proprietary function * * *" (Emphasis supplied.)

One purpose of our amendment statute (Section 239, supra) is to discourage technical objections and to secure a trial of the cause on the merits. Farrow v. Bragg, Adm'r., 30 Ala. 261, at 267. And if an amendment does not take an opponent by surprise and he is ready to meet the amendment, we fail to see how an amendment could work an injustice to the opponent. See Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158. Clearly, merely adding an "s" to the word "defendant" did not disturb the reference to the transaction described in the count, which remained the same. Clerical errors may be self correcting by the context of the pleading. Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 So. 74; Starr Piano Co. v. Zavelo, 212 Ala. 369, 102 So. 795.

In view of the multiple defendants named in the summons, the use of the plural word "defendants" in the caption of the complaint, and the repeated description of the defendants as *"defendants"* in the body of the count except in one place, where even then the pluristic "said truck of which *they were* in charge" follows the word "defendant" in the singular, we simply do not see how it could be reasonably said that adding the letter "s" to the word "defendant" was anything more than the

correction of a patent typographical error. Thus it follows that no change of parties could be said to have been brought about by this amendment. The complaint as filed was therefore not void.

In brief in support of respondent's answer, counsel for respondent have cited several cases for their proposition of law that:

"By claiming of multiple defendants and alleging the singular negligence of one defendant, the complaint as filed by the Plaintiff was void."

The supporting cases so cited are: Central of Georgia Ry. Co. v. Carlock, 196 Ala. 659, 72 So. 261; Corona Coal Co. v. Huckelbey, 204 Ala. 508, 86 So. 25; McKinley et al. v. Campbell, 217 Ala. 139, 115 So. 98; Sarber v. Hollon, 265 Ala. 323, 91 So. 2d 229, and Russell v. The Praetorians, 248 Ala. 576, 28 So.2d 786.

We have carefully read the above authorities, and do not consider any of them apt.

In Central of Georgia v. Carlock, supra, suit was against the railroad and an individual, and sought damages for false arrest and imprisonment. Judgment was for the plaintiff. The count on which the case went to the jury merely stated in pertinent parts:

"The plaintiff claims of the defendants $25,000.00 [as] damages for that * * * [the] defendant's servant * * * acting within the line and scope of *his* authority * * * wrongfully arrested and imprisoned the plaintiff * * *" (Emphasis supplied)

In reversing the judgment this court stated that the count failed to state a cause of action, in that judgment by default could not have been validly rendered thereon, for the court could not have known which of the two defendants the derelict servant's actions could have been ascribed. The court further observed:

"There is nothing on the face of the count to justify this court in assuming that there was a mere clerical error in the use of the singular, instead of the plural, possessive of the word 'defendant' in describing and designating the principal or master of the agent or servant to whose conduct the liability was ascribed."

No amendment effort was involved.

In Corona Coal Co. v. Huckelbey, supra, suit was against two corporate defendants under the Employers Liability Act. The count alleged that the plaintiff was in the employment of the *defendant*. In reversing the judgment this court stated that as framed it was uncertain as to whose service the plaintiff was in, or which defendant was operating the mine in question. The count was therefore insufficient, and the demurrer taking the point should have been sustained. Again, no question of amendment was involved.

In McKinley v. Campbell, supra, multiple parties were named as defendants, but only the singular "defendant" was used throughout the complaint. The court observed:

"There is no reference anywhere to defendants."

The judgment for the plaintiff was reversed on the ground that the demurrer to the complaint should have been sustained.

Sarber v. Hollon, supra, presented a question very similar to that presented in Central of Georgia Ry. Co. v. Carlock, supra, in that although multiple parties were named as defendants, the counts on which the case went to the jury alleged that the servant, agent, or employee of the defendant's [i. e. singular] so operated the defendant's truck, etc. While demurrers were filed to the complaint, the court considered that no error could be predicated on the overruling of the demurrers because of the general nature of the grounds assigned to the demurrers. The judgment

was reversed, however, on the basis that the counts failed to state a cause of action and the court erred in not giving certain charges requested by the defendants. The court observed as to the averments of the counts:

"Whose agent was he? Whose truck was it?" Again, no right to amend was involved.

In Russell v. The Praetorians, supra, two defendants were sued. Count AA of the complaint claimed damages of the "defendant" rather than the "defendants." A demurrer was sustained to Count AA because of this defect. This court held this ruling correct, observing that:

"Where there is more than one defendant, the plaintiff should claim against all defendants and not merely one defendant."

No question of the right to amend the complaint was present.

We hold that the omission of the letter "s" after the word "defendant" in that phrase of the count already alluded to was nothing more than a typographical error, and when the entire context of the count is read, the error was self correcting.

The lower court therefore erred in striking the attempted amendment to the complaint, and in refusing to permit such amendment.

The writ of mandamus is due to be awarded.

If upon advice of this decision the lower court does not enter an order expunging the order granting the motion to strike from the complaint the proposed amendment, and enter in lieu thereof an order allowing the amendment, a writ to effectuate such ends will issue on request of the petitioner.

Writ awarded conditionally.

HEFLIN, C. J., and MERRILL, MADDOX and FAULKNER, JJ., concur.